**KA–BE INVESTMENT COMPANY, Plaintiff,**

v.

**Thomas R. NOLAND, Trustee in Bankruptcy, and Security Pacific Business Credit, Inc., Defendants.**

**In the Matter of KING ALUMINUM CORPORATION.**

Bankruptcy No. 3–82–00016.
Adv. No. 3–82–0557.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 1, 1983.

Thomas R. Noland, Dayton, Ohio, Trustee.

Ronald Pretekin, Dayton, Ohio, for defendant Sec. Pacific Business Credit, Inc.

Robert E. Portune, and William H. Howard, Dayton, Ohio, for plaintiff KA–BE Inv. Co.

## ORDER

ELLIS W. KERR, Bankruptcy Judge.

### PROCEDURAL POSTURE

On August 23, 1982, Plaintiff, KA–BE Investment Company ("KA–BE") filed this adversary proceeding against Defendants Security Pacific Business Credit, Inc. ("Security Pacific") and Thomas R. Noland, Trustee in Bankruptcy for King Aluminum Corporation, a debtor pursuant to Chapter 7 of the Bankruptcy Code of 1978.

At the time of debtor's filing its petition in bankruptcy, KA–BE was leasing certain commercial real estate to the debtor. On March 12, 1982, this lease was rejected by the trustee. Located on the leased premises were certain furnishings, office equipment, supplies, machinery, fixtures and inventory of the Debtor, said items being subject to a security interest of Security Pacific. According to Plaintiff's complaint these items were sold by the Trustee at a public auction and by private sale and removal of the items was completed by April 1982. It appears that the proceeds from the sale, approximately $205,000.00, are insufficient to satisfy the lien of Defendant Security Pacific. During the three month interval between the debtor's petition filing and the removal of the items from the leased premises, Plaintiff KA–BE alleges that it incurred expenses in the amount of $43,970.18 on account of rent, utilities, maintenance, security, real estate taxes and insurance expenses. Plaintiff contends that these expenditures were necessary for the preservation of the property of the estate.

KA–BE requests that this Court order the trustee to recover from the debtor's

liquidated estate, in which Defendant Security Pacific claims a security interest, the sum of $43,970.18 as reasonable and necessary costs and expenses of preserving and disposing of the property of the debtor's estate, under 11 U.S.C. § 506(c) and that said amount be allowed as an administrative expense under 11 U.S.C. § 503 and that it be granted any other relief, legal or equitable, it may be entitled to.

Presently before the Court is the motion of Defendant Security Pacific to dismiss Plaintiff's complaint pursuant to Fed.R. Civ.P. 12(b)(6) [as incorporated by Bankruptcy Rule 712(b)] for the reason that the complaint fails to state a claim upon which relief can be granted. Security Pacific contends in its memorandum that Plaintiff KA–BE has no standing to seek an order under 11 U.S.C. § 506(c), requiring the trustee to recover administrative expenses from Defendant Security Pacific.

## CONCLUSIONS OF LAW

■ In ruling on a motion under Fed.R. Civ.P. 12(b)(6) it is useful to bear in mind one of the basic tenets underlying modern pleading. Under the Federal Rules of Civil Procedure, a primary function of pleadings is to give *fair notice* of the asserted claim so that an adverse party is able to answer and prepare for trial. In addition, it has repeatedly been held that a motion for failure to state a claim will not be granted unless it appears to a certainty that the Plaintiff would not be entitled to relief under any state of facts which would be proved in support of his claim. [*see* 2A Moore's Federal Practice ¶ 8.13 (2d ed.)]

A reading of Plaintiff's complaint leads to the conclusion that Plaintiff is relying on the provisions of 11 U.S.C. § 506(c) which reads as follows:

"The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses

of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

■ In the event that this Court subsequently decides that 11 U.S.C. § 506(c) is not a mechanism available to Plaintiff,[1] KA–BE is not necessarily without a remedy. If Plaintiff has erred in its choice of legal theory, it is not precluded from obtaining relief under another legal theory premised on the same set of facts. [*see* 2A Moore's Federal Practice ¶ 8.14 (2d ed.)] It seems to us that sufficient facts have been pleaded to prevent a ruling that Plaintiff has no chance of being granted any relief. Security Pacific does not argue that the alleged operative facts are vague or otherwise deficient, but rather quarrels with Plaintiff's legal theory regarding those facts. (As such Defendant's motion takes on much of the character of a motion for judgment on the pleadings.) The allegations concerning conversations and correspondence between the Plaintiff, the trustee and Security Pacific, as well as the consent of Security Pacific to the sale by the trustee in bankruptcy may or may not give rise to some type of contractual liability. Also, in the area of allocating expenses of sale and expenses of preserving estate assets, Bankruptcy Courts have historically fashioned equitable remedies and considered this problem in many instances on a case-by-case basis.

"Unfortunately, hardly any phase of the bankruptcy law has been plagued with so many inconsistent generalities, irreconcilable rules and principles, disagreements between circuits and even within circuits (apparently without any awareness thereof) and loose, indiscriminate statement of rules and citations of authority." 4B Collier on Bankruptcy ¶ 77.99 pp. 1224–1225 (14th ed.).

1. As Security Pacific notes in its memorandum, it has been stated in at least one reported decision, *In re Codesco, Inc.,* 18 B.R. 225, 230 (Bkrtcy.S.D.N.Y.1982) that a debtor-in-possession or a trustee is the proper party to seek a recovery under Code § 506(c). This proposi-

tion was presented in dicta and did not address the issue of a creditor compelling a trustee to perform under § 506(c). The applicability of this statement to the instant proceeding is not now decided.

An extensive analysis of the law in this area at this stage of the adversary proceeding would be premature. We merely note, however, that although the general rule is that expenses of administration of a debtor's estate will not be charged to an undersecured creditor, case law is replete with exceptions.

Thus, We cannot state that the Plaintiff has failed to state a claim upon which relief may be granted.

Security Pacific's second argument in support of its motion to dismiss is that Plaintiff's adversary proceeding is merely a duplication of an earlier "Application for Allowance as Administrative Expense" and an "Objection to Abandonment of Property of the Estate" filed by the Plaintiff and therefore unnecessary. Plaintiff states in its memorandum that it was forced to commence this adversary proceeding because of the trustee's failure to cooperate in regard to preparing a Stipulation of Facts. While the proffered explanation for filing the adversary proceeding is of questionable merit and although this adversary proceeding may be superfluous, we are unable to detect, nor does Security Pacific allege, any particular harm or extra burden that Defendant has or will suffer as a result of an adversary proceeding being filed. Although, and it is not entirely clear at this juncture, this case may not rise to the level of a traditional adversary proceeding, it is quite possible that the Court may have, at some state in the proceedings on Plaintiff's earlier applications, directed, pursuant to Bankruptcy Rule 914, that one or more of the rules of Part VII of the Bankruptcy Rules be applied to the proceedings based on the previous applications filed by Plaintiff.

> "The elemental requisites of due process must be afforded all parties to a dispute determined in the bankruptcy court. Litigation of a particular dispute, although not an adversary proceeding as defined in Rule 701, may become sufficiently serious and complicated to warrant the Court's direction that the procedure be governed by rules that govern such proceedings." Advisory Committee's Note to Rule 914.

Assuming that the Trustee's answer, counterclaim and crossclaim filed in the instant adversary proceeding, contain matters that he would have asserted in proceedings on the applications previously filed by Plaintiff and taking into account the dollar amounts of the claims involved, it is apparent that these matters are sufficiently serious to justify the imposition of at least some of the due process safeguards offered by Part VII of the Bankruptcy Rules. That Security Pacific objects to an adversary proceeding, which invokes the full panoply of due process safeguards, is not presently understandable. We find no basis for dismissing Plaintiff's complaint on this ground urged by Security Pacific. We also note, that no orders have been issued relating to the earlier applications of Plaintiff and therefore it cannot be said that Plaintiff is attempting to relitigate these matters.

It is, therefore, ORDERED that the motion to dismiss of Defendant Security Pacific be denied.