GRAVEL, SHEA & WRIGHT, LTD.

v.

NEW ENGLAND CARPET CO.

and

In re NEW ENGLAND CARPET CO., Joseph C. Palmisano, Esq., Trustee.

Civ. A. Nos. 82–435, 83–148.

United States District Court,
D. Vermont.

Nov. 16, 1983.

Norman C. Williams of Gravel, Shea & Wright, Ltd., Burlington, Vt., for petitioner Gravel, Shea & Wright.

Joseph C. Palmisano, Barre, Vt., Trustee in Bankruptcy, pro se.

Matthew Katz of Latham, Eastman, Schweyer & Tetzlaff, Burlington, Vt., for Merchants Bank.

Bertin C. Emmons of Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for Bank of New England.

Andrew R. Field, Montpelier, Vt., for the Vermont Development Credit Corp.

Charles E. Gibson, Jr. of Gibson, Noble & Goodrich, Montpelier, Vt., for Vermont Indus. Development Corp.

## MEMORANDUM OF DECISION

HOLDEN, District Judge.

These are two bankruptcy appeals arising out of the debtor's Chapter 11 reorganization attempt which, after it failed, was converted to a Chapter 7 liquidation. Gravel, Shea and Wright, Ltd., a Burlington law firm, has represented the debtor, New England Carpet Co., in these bankruptcy proceedings. Pursuant to an agreement between them, the debtor promised to compensate Gravel, Shea and Wright but no retainer was paid. *In re New England Carpet Co.*, Civil No. 83–148 is an appeal by Gravel, Shea and Wright from a denial of its application for attorney's fees entered on March 12, 1983 by Judge Marro in the United States Bankruptcy Court for the District of Vermont. *Gravel, Shea and Wright, Ltd. v. New England Carpet Co.*, Civil No. 82–435, is an appeal by Gravel, Shea and Wright from an earlier order by Judge Marro authorizing the Trustee to abandon certain assets of the debtor's estate. At the heart of both appeals is Gravel, Shea and Wright's desire to be paid for the legal services it rendered to New England Carpet Co. Because there are no unsecured assets in the debtor's estate, Gravel, Shea and Wright wants its fees to be paid as an administrative expense chargeable to the secured creditors.

## DISCUSSION

The factual background has been set forth in great detail in the Bankruptcy Court's opinion, Memorandum and Order on Application of Attorneys for Compensation and Expenses, No. 81–00138 (Bankr. D.Vt. March 12, 1983) (hereinafter "Compensation Order") and is not reiterated herein.

Gravel, Shea and Wright contends that the Bankruptcy Court erred under 11

U.S.C. §§ 330, 331, and 506(c) in denying its application for attorney's fees.[1] Section 330 authorizes the Bankruptcy Court to award reasonable compensation to, among others, the debtor's attorneys. The appellant claims that its fees constitute an administrative expense entitled to priority under 11 U.S.C. § 507. Appellant argues that section 506(c) permits recovery of such an administrative expense out of secured assets.

It is doubtful that Gravel, Shea and Wright may seek in its own name payment of its fees from secured assets. Section 506(c) provides that "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." The Legislative Statements, noted in the *Historical and Revision Notes* to 11 U.S.C.A. § 506(c) explain that:

> Any time the trustee or debtor in possession expends money to provide for the reasonable and necessary costs and expenses of preserving or disposing of a secured creditor's collateral, the trustee or debtor in possession is entitled to recover such expenses from the secured party or from the property securing an allowed claim held by such party.

In addition, 11 U.S.C. § 1107, which governs the rights of debtors in possession, gives them the same rights, other than the right to compensation under section 330, as a trustee, including the rights afforded by section 506(c). This does not mean, however, that section 506(c) gives the attorneys for the debtor in possession an independent right to recover attorney's fees. The plain meaning of section 506(c) permits only trustees and debtors in possession to recover expenses, and this court is inclined to so hold. *See In re Codesco, Inc.*, 18 B.R. 225, 230 (Bkrtcy.S.D.N.Y.1982). The court, however, does not need to expressly decide that issue because the Bankruptcy Court can be affirmed on other grounds.

Even if it can be said that appellant may seek recovery of attorney's fees in its own name under section 506(c), that section permits recovery only "to the extent of any benefits to the [secured parties]." Judge Marro found that Gravel, Shea and Wright's legal services, while performed capably, did not benefit the secured parties. He stated that:

> A review of the business operation of the Debtor during the Chapter 11 proceeding clearly indicates that there was no financial benefit to any of the parties including the Debtor. The cash flow, the accounts receivable and the inventory all decreased appreciably. An examination of the services rendered by the attorneys discloses that they were almost exclusively for the benefit of the Debtor. There might have been some tertiary benefit bestowed upon the Merchants Bank and the Vermont Development Credit Corporation who held liens on the equipment by its return to them after the termination of the Chapter 11 proceeding.... Any tertiary benefit received by the secured creditor, especially when he is under-collateralized, is too indefinite and remote to support the allowance of attorney's fees against the property. [Citation omitted].

Compensation Order at 14–15. Judge Marro's findings of fact will not be set aside unless clearly erroneous, Bankruptcy Rules of Practice and Procedure, 11 U.S.C., Rule 8013 (1983). A review of the record shows Judge Marro's factual finding that the secured parties did not benefit from Gravel, Shea and Wright's legal service to be correct.

Gravel, Shea and Wright contends that the secured parties consented to New England Carpet Co.'s reorganization attempt. From this consent they argue that consent by the secured parties to attorney's fees may be implied. Judge Marro found as a fact that the secured creditors did not impliedly consent to pay the debtor's attorney's fees incurred as a result of the debt-

---

1. Gravel, Shea and Wright had earlier filed an application for interim compensation pursuant to 11 U.S.C. § 331, which was not acted upon by the Bankruptcy Court.

or's unsuccessful Chapter 11 reorganization. At page 13 of the Compensation Order Judge Marro states: "This Court is not convinced that there was any consent at all by the secured parties." This finding is not clearly erroneous. At least one secured party, the Bank of New England, filed a written objection to Gravel, Shea and Wright's application for interim compensation.

Even if some implied consent could be found, the plain language of section 506(c) limits the recovery by a trustee or debtor in possession to the amount of any benefit to the secured parties. Inasmuch as this court has held that there was no benefit to any secured party, Gravel, Shea and Wright's argument concerning implied consent is irrelevant to resolution of this appeal.

The court holds that the conclusions of the Bankruptcy Court on the facts are sound in law. The order of the Bankruptcy Court in *In re New England Carpet Co.* is AFFIRMED. Because the court has affirmed the decision in *In re New England Carpet Co.*, the appeal in *Gravel, Shea and Wright, Ltd. v. New England Carpet Co.*, Civ. No. 82–435, is rendered moot. Accordingly, that appeal is DISMISSED.

It is so ORDERED.