**In re ISAAC COHEN CLOTHING CORP., Debtor.**

**NATIONAL BANK OF NORTH AMERICA, Plaintiff,**

**v.**

**ISAAC COHEN CLOTHING CORP., as Debtor, etc., Hahn & Hessen, as Escrowee, etc., and 130 Fifth Avenue Associates, Defendants.**

**Bankruptcy No. 82 B 10205 (EJR). Adv. No. 82 5974–A.**

United States Bankruptcy Court, S.D. New York.

May 4, 1984.

Cole & Deitz, New York City, for National Bank of North America.

Herrick & Feinstein, New York City, for 130 Fifth Avenue Associates.

## DECISION ON COUNTERCLAIM OF 130 FIFTH AVENUE ASSOCIATES

EDWARD J. RYAN, Bankruptcy Judge.

On February 2, 1982, an involuntary Chapter 11 petition was filed against Isaac Cohen Clothing Corporation (ICCC) a clothing manufacturer operating out of leased premises at 130 Fifth Avenue in New York City (premises). ICCC consented to the entry of an order for relief under Chapter 11 on March 8, 1982 and was continued in possession of its property and in operation of its business pursuant to sections 1107 and 1108 of the Bankruptcy Code. On October 8, 1982 this case was converted to Chapter 7.

National Bank of North America (NBNA) has a validly perfected security interest in all of ICCC's inventory and accounts receivable.

On May 4, 1982, 130 Fifth Avenue Associates (landlord) commenced an adversary proceeding in this court to recover possession of the premises and for payment of use and occupancy charges from March 1, 1982 until the date on which the landlord regained possession.

A hearing on this adversary proceeding was held before this court on June 4, 1982. At this hearing, ICCC agreed to vacate the premises by June 21, 1982.

On or about June 4, 1982, ICCC sold all its physical assets free and clear of liens

and encumberances, with all such liens to attach to the proceeds of the sale. ICCC realized $44,000 from the sale, which money was turned over to Hahn & Hessen, attorneys for the official creditors committee, to be held in escrow pending a determination by this court as to which person is entitled to receive the money.

On August 12, 1982, NBNA commenced an adversary proceeding in this court against ICCC, Hahn and Hessen, and the landlord, seeking a judgment declaring that NBNA's interest in the proceeds held by Hahn & Hessen is prior to and superior to claims of all other entities. The landlord answered and counterclaimed for the value of the use and occupation of the premises.

On November 29, 1982, this court directed Hahn & Hessen to turn over the proceeds of the sale of ICCC's assets to NBNA.[1] This order specifically provided that any judgment in favor of the landlord on its counterclaim would be paid to the landlord by NBNA.

A hearing on the landlord's counterclaim was held before this court on November 23, 1982.

The landlord relies on section 506(c) of the Bankruptcy Code (Code) to support its claim to recover use and occupancy payments from NBNA. This section permits a trustee to "recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving or, disposing of, such property *to the extent of any benefit to the holder of such claim.*" 11 U.S.C. § 506(c) (emphasis added). The landlord contends that the use and occupancy of the premises resulted in the preservation of the debtor's tangible property, all of which was subject to NBNA's secured claims.

Conversely, NBNA argues that no benefit accrued to NBNA from the storage of the equipment on the landlord's premises since NBNA could have decided either to store ICCC's property elsewhere at the expense of the ICCC or it could have accelerated the sale of the property had the land-

---

**1.** Presumably these funds have been placed in an interest bearing account.

lord taken steps to recover possession of the premises.

In analyzing the type of benefit which must accrue to a secured creditor before it can be charged with an administrative claim, the court in *In re Cadesco*, 18 B.R. 225 (Bkrtcy.S.D.N.Y.1982) stated that the "key factor is whether or not any benefit was received by the holder of the secured property, since any recovery permitted from such property must be measured not from the outlay, but by the necessity and benefit involved ...." *Id.* at 229.

In the case at hand, NBNA clearly benefitted from the property being stored on the premises and therefore the landlord is entitled to recover use and occupancy from NBNA.

Settle an appropriate order.