**In re DLS INDUSTRIES, INC., Gage Tool Company, Inc., Machining, Inc., Debtors.**

**Bankruptcy Nos. 4–86–1647 to 4–86–1649.**

United States Bankruptcy Court, D. Minnesota.

March 25, 1987.

---

John R. McDonald, of Fabyanske, Svoboda, Westra, Holper & Davis, St. Paul, Minn., for Robert F. Stahl, Jr. and Merrimac Associates.

Malin D. Greenberg, St. Louis Park, Minn., for Committee of Unsecured Creditors of Gage Tool Co., Inc.

J. Patrick Plunkett, David Kastelic, of Moore, Costello & Hart, St. Paul, Minn., for Gail E. Zirbes.

Michael R. Stewart, of Faegre & Benson, Minneapolis, Minn., for Norwest Business Credit.

John Hedback, Minneapolis, Minn., for U.S. Trustee.

Thomas G. Lovett, Jr., Minneapolis, Minn., for Unsecured Creditors' Committee of Machining, Inc.

T. Jay Salmen, St. Paul, Minn., for debtors.

## ORDER

MARGARET A. MAHONEY, Bankruptcy Judge.

The above captioned matter came before me on the motion of Robert F. Stahl, Jr. and Merrimac Associates (Stahl) for approval of their administrative expense claim of $60,934.85 and payment of the unpaid amount of $39,182.05. Stahl requests payment under 11 U.S.C. § 506(c) from property of the debtor which is collateral for a secured loan from Norwest Business Credit, Inc. (NBCI). This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(a) and § 157(b)(1) and Local Rule 103(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

The underlying issue of Stahl's entitlement to reimbursement of his fees from NBCI's collateral is not before me at this time. I denied Stahl's motion for expedited hearing and have set a prehearing on the matter based upon the conclusions set out below.

The issues I am deciding at this time are the standing of Stahl to bring a Section 506(c) motion and whether an application for reimbursement is the proper procedural posture for this matter.

NBCI has objected to Stahl's application for fees from its collateral on the basis Stahl cannot bring the issue before the Court. 11 U.S.C. § 506(c) states that "...

the trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." This is a Chapter 11 case.[1] Under 11 U.S.C. § 1107(a) a debtor in possession has all the rights, powers and duties of a trustee. Stahl is not the trustee or the debtor in possession in this case.

However, when the trustee or debtor in possession makes a claim under 11 U.S.C. § 506(c) of a secured creditor, the proceeds, if the debtor is successful are ultimately passed through to the administrative expense claimant. Some cases have denied direct claimant requests for § 506(c) expenses. *In re Proto-Specialties, Inc.*, 43 B.R. 81 (Bkrtcy.D.Ariz.1984); *In re New England Carpet Co.*, 28 B.R. 766 (Bktcy.D. Vt.1983). Others have allowed direct claims. *Matter of Reda, Inc.*, 54 B.R. 871 (Bkrtcy.N.D.Ill.1985); *In re Wyckoff*, 52 B.R. 164 (Bktcy.W.D.Mich.1985); *Ka-Be Investment Company v. Noland* (*Matter of King Aluminum Corp.*), 30 B.R. 335 (Bktcy.S.D.Ohio 1983).

■ I think the better rule is to allow the claimant to directly apply for administrative expenses under 11 U.S.C. § 506(c) where the claimant can demonstrate that the debtor in possession or trustee will not proceed with the application itself. The claimant must make a demand of the debtor to bring the action first. As stated in *In re Wyckoff*, 52 B.R. 164, 167:

> "If there were a legitimate right to recover from a secured creditor under 11 U.S.C. § 506(c) in order to pay a third party claimant and the trustee failed to assert that right, is the claimant without a remedy?"

In many cases, personal guarantees of secured debt by corporate shareholders may slow a debtor in possession from paying other fees out of a secured creditor's collateral. *Matter of Reda, Inc.*, *supra* at 881, footnote 23. This should not penalize a claimant. In this case, the debtor in possession did not even appear at the hearing

on fees so it is appropriate to allow the claimant to pursue its own reimbursement.

■ The second issue is whether this is properly postured as an application for reimbursement or should be dismissed and Stahl required to file an adversary proceeding.

It is arguable that Bankruptcy Rule 7001 would require this matter to be filed as an adversary proceeding. Rule 7001 dictates actions "to recover money or property or ... to determine the validity, priority or extent of a lien or other interest in property" be filed as adversary proceedings. This case could effect a recovery of money to a claimant which would then release other funds to other creditors. Stahl also seeks to determine his interest in property to which the debtor has title even if the debtor possesses no equity. However, this is an application for payment of expenses which in other cases is done by application and hearing.

In *Ka-Be Investment Company v. Noland* (*In the Matter of King Aluminum Corporation*), 30 B.R. 335 (Bktcy.S.D.Ohio 1983), the lessor of commercial real estate who claimed § 506(c) expenses from a secured creditor had filed an adversary proceeding to collect them. The Court stated:

> "Although, and it is not entirely clear at this juncture, this case may not rise to the level of a traditional adversary proceeding, it is quite possible that the Court may have, at some state in the proceedings on Plaintiff's (lessor's) earlier applications, directed, pursuant to Bankruptcy Rule 914, that one or more of the rules of Part VII of the Bankruptcy Rules be applied to the proceedings based on the previous applications filed by Plaintiff." *Id.* at p. 338. (Parentheses added)

I find that this treatment of a request for administrative expenses under § 506(c) is appropriate. To require the filing of an adversary proceeding would be inequitable in light of the manner with which other applications are dealt. However, I find it is appropriate to require under Bankruptcy Rule 9014 that this be treated as a contest-

---

**1.** The case was converted to a chapter 7 case on March 19, 1987, after the filing of this motion.

ed matter subject to Bankruptcy Rules in Part VII.

THEREFORE, IT IS ORDERED that:

1. This matter is set for a scheduling conference on April 20, 1987 at 8:30 a.m. in Courtroom No. 2, 600 Galaxy Building, 330 Second Avenue South, Minneapolis, Minnesota.

2. Parties to receive notice of the scheduling conference are John McDonald for Robert F. Stahl, Jr. and Merrimac Associates, Inc., T.J. Salmen for the debtors, and David Kastelic and J. Patrick Plunkett for Gail Zirbies and Thomas J. Lovett, Jr. and Malin D. Greenberg for the Gage and Machining, Inc. Unsecured Creditors Committees.