In re INTERSTATE MOTOR FREIGHT SYSTEM IMFS, INC., Debtors.

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Central States, Southeast and Southwest Areas Health and Welfare Fund, an employee benefit plan, and Howard McDougall, Trustee, Plaintiffs,

v.

James ROBBINS, Trustee, National Acceptance Company of America, First National Bank of Boston, Toronto Dominion Bank, Continental Illinois National Bank and Trust Co., Old Kent Bank and Trust Co., Comerica Bank, the Indiana National Bank, Marine Midland Bank, Central National Bank of Chicago, Pittsburgh National Bank, the Colorado National Bank of Denver, the First National Bank of Louisville, The Travelers Insurance Company, Congen Five and Co., and Connecticut General Life Insurance Co., Defendants.

Bankruptcy Nos. HG 84 00880, HG 84 00881.
Adv. No. 85 215.

United States Bankruptcy Court, W.D. Michigan.

April 3, 1987.

See also, Bkrtcy. 62 B.R. 805.

Elizabeth Roberto, Douglas A. Firth, Rusell N. Luplow P.C., Bloomfield Hills, Mich., for plaintiffs.

Thomas W. Schouten, Dunn, Schouten and Snoap, Wyoming, Mich., for the Trustee.

James B. Frakie, Day, Sawdey, Flaggert and Porter, Grand Rapids, Mich., for Nat. Acceptance Co. of America.

C. Beth DunCombe, Joseph A. Fink, Dickinson, Wright, Moon, Van Dusen and

Freeman, Detroit, Mich., for defendant Ins. Companies.

David Murphy, Hertzberg, Jacob and Weingarten, Detroit, Mich., for defendant Banks.

## OPINION

LAURENCE E. HOWARD, Bankruptcy Judge.

### STANDING TO BRING A CLAIM UNDER 11 U.S.C. § 506(c)

The defendants have brought a motion to dismiss Count I of the plaintiffs' complaint on the grounds that the plaintiffs have no standing to bring a motion pursuant to 11 U.S.C. § 506(c).

The plaintiffs are employee benefits funds that covered the debtors' employees. The defendant banks and insurance companies were the debtors' secured lenders. The plaintiffs allege that during the debtors' Chapter 11 proceeding the debtors executed certain actions (e.g. marshalling of collateral, etc.) which benefited the secured creditors alone. In utilizing its employees' services to accomplish these ends the debtors incurred obligations to the benefit plans. Upon the conversion of these cases to Chapter 7 these obligations were still unpaid. The Trustee, James Robbins, has no unencumbered funds with which to pay these benefit obligations. He has also declined to attempt to recover the value of these services from the secured lenders under 11 U.S.C. § 506(c). The plans have therefore brought a two count complaint against the secured lenders to recover the amount of the unpaid contributions. Count I is predicated upon § 506(c), and Count II is predicated upon 11 U.S.C. § 105 and general principles of equity. The Trustee has been named a defendant as a necessary and indispensable party to a proceeding under § 506(c). The plaintiffs allege that without him complete relief cannot be afforded to the parties as he is the proper party plaintiff under § 506(c), and will be realigned as such under Federal Rule of Civil Procedure 19, as incorporated by Bankruptcy Rule 7019. (Amended Complaint, paragraphs 12–16.) The Secured Lenders have moved to dismiss Count I, arguing that as administrative claimants the funds lack the requisite standing to bring a proceeding under § 506(c), and that the funds may not remedy this lack of standing by making the Trustee an involuntary plaintiff.

As the fundamental issue is the standing of the plaintiffs to bring an action under § 506(c), this Court is guided by the principle that it "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). Therefore, the Court shall assume, for the purposes of this opinion only, that these unpaid benefit obligations were incurred when the debtors directed their employees to perform various services of use only to the secured lenders.

## DISCUSSION

The primary issue before the Court is whether the plaintiffs have the requisite standing to bring a motion under § 506(c). If the Court determines that they do, it need not proceed any further. However, if the plaintiffs lack the necessary standing, the Court must then consider whether the plaintiffs may remedy this deficiency by adding the Trustee as an involuntary plaintiff. Should the Court determine that the plaintiffs do not have standing and may not add the Trustee as an involuntary plaintiff, then Count I must be dismissed.

Section 506(c) provides as follows:

The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

The legislative history explains § 506(c) as follows:

Any time the trustee or debtor in possession expends money to provide for the reasonable and necessary cost and expenses of preserving or disposing of a secured creditor's collateral, the trustee or debtor in possession is entitled to recover such expenses from the secured

party or from the property securing an allowed secured claim held by such party.

124 Cong.Rec. H32,398 (daily ed. Sept. 28, 1978) (Statement of Rep. Don Edwards). The plain language of § 506(c) and its corresponding explanation would appear to restrict a recovery under § 506(c) to the trustee and the debtor in possession, under 11 U.S.C. § 1107(a), which gives the debtor in possession almost all of the powers of a trustee. A number of courts have held recovery under § 506(c) is in fact so limited, and have accordingly barred other parties from recovering under § 506(c).[1] *In re Codesco*, 18 B.R. 225, 230 (Bankr.S.D.N.Y. 1982) (debtor's counsel); *In re Fabian*, 46 B.R. 139, 141 (Bankr.E.D.Pa.1985) (debtor's lessor); *In re J.R. Research*, 65 B.R. 747, 15 B.C.D. 29 (Bankr.D.Utah 1986) (former Chapter 11 trustee); *In re Proto-Specialties, Inc.*, 43 B.R. 81 (Bankr.D.Ariz.1984) (debtor's lessor); *In the Matter of S & S Industries, Inc.*, 30 B.R. 395 (Bankr.E.D. Mich.1983) (creditors' committee); *Thomas v. Ralston Purina Company (In the Matter of Thomas )*, 43 B.R. 201, 208 (Bankr.M. D.Ga.1984) (Chapter 7 Debtor); *In re New England Carpet*, 28 B.R. 766, 771 (Bankr. D.Vt.), *aff'd on other grounds* 38 B.R. 703 (D.Vt.1983), 744 F.2d 16 (2nd Cir.1984) (debtor's attorneys); *In re Manchester Hides*, 32 B.R. 629, 633 (Bankr.N.D.Iowa 1983) (debtor's attorneys); and *In re Wyckoff*, 52 B.R. 164 (Bankr.W.D.Mich 1985) (debtor's lessor).[2]

Despite the precedents cited above, some courts have indeed allowed administrative expense claimants to proceed under § 506(c). *National Bank of North America v. Isaac Cohen Clothing Corp. (In re Isaac Cohen Clothing Corp.)*, 39 B.R. 199 (Bankr.S.D.N.Y.1984), permitted the debtor's landlord to recover rents from a secured creditor that had clearly benefited from the storage of the collateral. However the standing question was never raised in *Isaac Cohen,* let alone commented on by way of an explicit holding or by dicta. *In re T.P. Long Chemical, Inc.*, 45 B.R. 278, 11 C.B.C.2d 1246 (Bankr.N.D. Ohio 1985) would have permitted the administrative claimant standing under § 506(c), but in the light of the Court's eventual determination that the administrative claimant did not otherwise meet the criteria under § 506(c), the resolution of the standing question is merely dicta. In *Ka-Be Investment Company v. Noland (In the Matter of King Aluminum Corporation )*, 30 B.R. 335 (Bankr.S.D.Ohio 1983), the Court declined to dismiss an administrative claimant's complaint under § 506(c) on the grounds that although the claimant may lack standing under § 506(c) it might be able to proceed under another theory.[3] *In re Loop Hospital Partnership*, 50 B.R. 565 (Bankr.N.D.Ill.1985) permitted attorneys to petition for fees under § 506(c) in the mistaken belief that the strict interpretation of § 506(c) standing

**1.** Although *In re Air Center,* 48 B.R. 693 (Bankr. W.D.Okla.1985) is often included in this list, see, e.g. 3 L. King, Collier on Bankruptcy, ¶ 506.06 at p. 506–55, n. 7a (15th ed. 1986), the Court believes a close reading of *Air Center* reveals it should not be. In *Air Center* the debtor in possession had obtained confirmation of its plan, but the plan failed. The former debtor in possession joined in the § 506(c) motions. These were denied on the grounds that no *expenditures* had been made by the estate, not on the grounds that the claimants were not proper parties. 48 B.R. 694.

**2.** *In re Wyckoff,* 52 B.R. 164 (Bankr.W.D.Mich. 1985) is sometimes erroneously cited as holding that administrative claimants, in that instance, a landlord, do have standing to charge administrative expenses directly against a secured creditor under § 506(c). See 3 L. King, Collier on Bankruptcy, ¶ 506.06 at p. 506–55, n. 7a (15th ed. 1986). However, a careful reading of *Wyckoff* reveals that it relies upon *In re Proto Specialties, Inc.*, 43 B.R. 81 (Bankr.D.Ariz.1984) which specifically held that administrative claimants do not have such standing. Furthermore, although *Wyckoff* held that the Court had the discretion to permit the landlord a recovery, that recovery was only a partial reimbursement of the rent due, and it was charged against the estate's equity in the collateral which remained after the secured creditor had been paid in full. *Wyckoff* did not permit any expenses to be charged against the secured creditor. 52 B.R. at 168.

**3.** As the plaintiffs in the instant case have filed a two count complaint, with Count I brought solely under § 506(c) and Count II being a catchall under 11 U.S.C. § 105, the rationale of *Ka-Be Investment* is not applicable here.

was the "minority viewpoint." 50 B.R. at 571.

The only Court of Appeals case to discuss the question is *Equitable Gas Co. v. Equibank N.A. (In re McKeesport Steel Castings Company )*, 799 F.2d 91 (3rd Cir. 1986). In *McKeesport* the Third Circuit permitted a utility which had furnished postpetition gas service to a liquidating Chapter 11 debtor in possession to recover the unpaid gas charges from the secured creditors. Although the Third Circuit made note of two of the cases in favor of a strict standing requirement, *Fabian* and *Codesco*, it did not analyze them, nor even explain them. Instead, the Third Circuit relied upon *Isaac Cohen* and *T.P. Long*, criticized above. The Third Circuit also relied upon two cases which permitted creditors' committees to bring preference actions despite the fact that the relevant Bankruptcy Code section, § 547, confers the right to bring such actions upon the Trustee.

Of course, it is true that in a statute or code every section must be construed in connection with every other part so as to yield a harmonious whole. *Sutherland Stat. Const.* § 46.05 (4th ed. 1984). The Supreme Court has held that in interpreting a section of a statute a court should not be guided by a single sentence or clause, but rather it should look to the provisions of the whole statute and to its object and policy. *Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 592, 7 L.Ed.2d 492 (1962). Therefore, it is legitimate to look to other sections of the Bankruptcy Code in order to interpret § 506(c). However, § 547 is not the place to look. In the scheme of the Bankruptcy Code there are no close ties between § 547 and § 506(c). The operation of § 547 bears no intrinsic relationship to § 506(c). The word "trustee" could be construed differently in these two sections without causing any contradiction or conflict between them or within the Bankruptcy Code as a whole. Rather than a comparison of words, a court must look to the object and policy of the entire Code. One overarching object of the Bankruptcy Code is equality of distribution to like situated creditors. An expression of this policy is found at 11 U.S.C. § 726(b) which provides in essence that all claimants, including administrative claimants, whose claims accrued in the same chapter shall be reimbursed pro rata.[4] Consistently with this policy, all administrative expenses are on parity as to payment. 11 U.S.C. § 507(a); *In re Western Farmers Association*, 13 B.R. 132, 134 (Bankr.W.D. Wash.1981). To allow one administrative creditor to collect from a secured creditor under § 506(c), as *McKeesport* has done, is to allow one claimant to recover all of its claim while other like situated creditors recover nothing. This is a violation of the equality of distribution required by § 726(b). There is no priority among administrative claimants. *In re Grigg Clothing Company*, 62 B.R. 1016, 15 C.B.C.2d 1019 (Bankr.D.S.D.1986). Permitting such a recovery would also be to permit a Chapter 11 administrative claimant to recover its claim while Chapter 7 administrative claimants, who have priority under § 726(b), would go unpaid. Again, this would be a violation of § 726(b).

In order to see the potential violation of § 726(b) more clearly, consider the following simple hypothetical. A Chapter 11 debtor incurs a $5,000 unpaid expense for pension benefits due to the employees' pension fund for the employees work in marshalling assets solely for the benefit of a secured creditor. The debtor also incurs $10,000 in general unpaid administrative expenses which can not be attributed to the

---

4. Section 726(b) provides in full as follows:

(b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6) or (7) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

sole benefit of any secured creditor. The case then converts to Chapter 7. The trustee incurs $2,000 in Chapter 7 administrative expenses. The only asset of the estate is the § 506(c) claim against the secured creditor for $5,000. Under § 726(b), when the $5,000 is recovered by the trustee, the Chapter 7 administrative expenses should be paid first, pro rata if there are insufficient funds, and then any balance should be used to pay the Chapter 11 expenses, pro rata, again, if the funds are insufficient. Given this example, that would mean the Chapter 7 expenses of $2,000 would be paid in full, and the Chapter 11 expenses would be paid pro rata, $1,000 to the pension fund and $2,000 to be paid pro rata to the other administrative claimants. However, if the pension fund could proceed on its own under § 506(c) it could recover its full claim of $5,000 and the other claimants would be left without any recovery at all.[5] To permit such a result is to violate the distribution scheme created under § 726(b). It is also to create priorities of payment within the same class of claimants, here, the Chapter 11 administrative claimants, when Congress has not set up such an order of payment. Bankruptcy Courts may not create priorities within the classes Congress has created. *In re Wilnor Drilling, Inc.*, 29 B.R. 727, 729 (S.D.Ill.1982); *In re IML Freight, Inc.*, 52 B.R. 124 (Bankr.D.Utah 1985). A holding that the pension benefit funds could proceed on their own under § 506(c) would lead directly to these violations of the distribution scheme created by Congress and set forth at § 726(b).

It has been observed that the construction of a statute "that produces the greatest harmony and the least inconsistency is that which ought to prevail." *Attorney General v. Sillem*, 2 H & C 431, 517, 15 Eng.Repr. 178, 217 (1864). That prevailing construction is the one which harmonizes § 506(c) and § 726(b) by limiting standing under § 506(c) to trustees and debtors in possession. Since that is the literal meaning of § 506(c) when read alongside § 1107(a), this result is in accord with the usual assumption that "the legislative purpose is expressed by the ordinary meaning of the words used." *Richards*, 369 U.S. at 9, 82 S.Ct. at 591.

 Having determined that the plaintiffs here lack standing, the next question is whether they may remedy that deficiency by joining the Trustee as an involuntary plaintiff under Fed.R.Civ.P. 19(a), as incorporated by Bankruptcy Rule 7019. Federal Rule of Civil Procedure 19(a) provides in pertinent part as follows:

(a) Persons to Be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

According to one case that has interpreted Rule 19(a), it is not applicable to the situation before this Court. *Dublin Water*

---

5. It might be argued that this violation could be avoided by requiring the plaintiffs to comply with § 726(b); that is, subordinating a Chapter 11 claimant to all Chapter 7 claimants and by having the claimants' recovery either reduced to its pro rata share or by having the claimant share its recovery with all other claimants of like priority. Even assuming a claimant were interested in seeking such a reduced relief, the Court would reject it as impractical. Evaluating claims and distributing property are duties of the Trustee. It would produce confusion to have two trustees in a case, the *de jure* trustee appointed by the Court and the self-appointed *de facto* administrative claimant trustee. If the plaintiffs believe that there is a claim here to be pursued by the trustee, they may ask the Court to so instruct the trustee.

*Company v. Delaware River Basin Commission,* 443 F.Supp. 310 (E.D.Pa.1977). In that case the Dublin Water Company had sued a number of defendants, including the Township of Dublin. The Water Commission then moved to make the Township an involuntary plaintiff under Rule 19(a). The District Court held Rule 19(a) inapplicable. Since the Township was already a defendant in the action, as the Trustee is here, neither 19(a)(1) nor (2) was applicable since the party in question was not absent from the court. The District Court also rejected the argument that Rule 19(a)'s reference to "a proper case" would allow a Court to realign as an involuntary plaintiff a party already named as a defendant. The District Court wrote that:

> It is well settled that the "proper case" provision of Fed.R.Civ.P. 19(a) may only be invoked where the party sought to be joined as an involuntary plaintiff is beyond the jurisdiction of the Court and is notified of the action but refuses to join, and where the party seeking such joinder is entitled to use the non-party's name to prosecute the action.... If the non-party is within the jurisdiction of the Court, he must be served with process and made a defendant. Dublin [Township] is clearly within the jurisdiction of this Court and has been made a party defendant to this action. We hold that Fed.R. Civ.P. 19(a) is inapplicable to the case before us.

443 F.Supp. at 315. This reasoning is in complete accord with that set forth by the treatises on the subject. 7 Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 1606 (West, 1986); 3A Moore's Federal Practice ¶ 19.06 (Matthew Bender, 1986).

Furthermore, not only is Rule 19(a) inapplicable, it is not even helpful to the plaintiffs. In *Coast v. Hunt Oil Company, et al,* 195 F.2d 870 (5th Cir.), *cert. denied,* 344 U.S. 836, 73 S.Ct. 46, 97 L.Ed. 651 (1952), the Fifth Circuit held that a plaintiff who lacks standing himself to pursue a cause of action may not remedy that deficiency through Rule 19(a). As the Fifth Circuit wrote:

The difficulty is that the plaintiff himself has no standing, joint or otherwise, to maintain this action. Rule 19(a), supra, relates to *joinder* of parties, it permits a plaintiff under proper circumstances to require another person or persons to *join* with him, but it makes no provision for a plaintiff to require another person to maintain an action vested solely in such other person, even though its maintenance might result in benefit to the plaintiff. In speaking of the application of this rule as to joinder of a party as "involuntary plaintiff", Professor Moore says, "The doctrine can properly be applied only where there is such a relationship that the absent party must allow the use of his name as plaintiff."

195 F.2d at 872 (emphasis in original) (citation omitted). As discussed above, an action under § 506(c) is vested solely in the trustee or a debtor in possession. Therefore the plaintiffs may not use Rule 19(a) to compel the Trustee to proceed as an involuntary plaintiff in this action. The Court recognizes that it must assume for the purposes of this motion that there is a viable § 506(c) claim. Nor does the Court deny that the Trustee may have a duty to pursue that claim. Whatever that duty may be, however, as a matter of law it does not run to the plaintiffs here, but rather to both secured and unsecured creditors. *Ford Motor Credit Company v. Weaver,* 680 F.2d 451, 462 n. 8 (6th Cir.1982). The Trustee has no duty in this case to allow these plaintiffs to recover 100% of their administrative claim in possible violation of § 726(b), and to the possible detriment of other creditors. Rather, if the Trustee has a duty to pursue this claim, it runs to the estate, for the Trustee "may not be representative of any particular creditor, but must represent all creditors without partiality." *Gross v. Russo (In the Matter of Russo),* 18 B.R. 257, 270–271 (Bankr.E.D. N.Y.1982).

## CONCLUSION

The plaintiffs lack the necessary standing to proceed under § 506(c), as such actions are vested solely in trustees and debtors in possession. Federal Rule of Civil

Procedure 19(a) does not permit the plaintiffs to remedy this deficiency, since Rule 19(a) is inapplicable to this situation and furthermore joinder under the Rule will not confer upon the plaintiffs the standing they otherwise lack. Accordingly, Count I of the Complaint is dismissed for lack of standing.