**In re STAUNTON INDUSTRIES, INC., Debtor.**

**James L. GUY and James L. Mann, Plaintiffs,**

**v.**

**G.E. GROGAN, Brad Osgood, Norman Levy Associates, Inc., and Fidelcor Business Credit Corporation, Defendants.**

**Bankruptcy No. 85–03379–R.
Adv. No. 86–1146–R.**

United States Bankruptcy Court, E.D. Michigan.

June 8, 1987.

See also, Bkrtcy, 75 B.R. 699.

Louis Burnett, Birmingham, Mich., for plaintiffs.

Robert Handler, Chicago, Ill., for defendants.

## OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

STEVEN W. RHODES, Bankruptcy Judge.

The plaintiffs, James L. Guy and James L. Mann, brought this adversary proceeding against several defendants, including Fidelcor Business Credit Corporation (Fidelcor). Count III of the complaint seeks to recover from Fidelcor certain rent and tax arrearages under 11 U.S.C. § 506(c). Fidelcor moved for summary judgment, asserting as its first ground that the plaintiffs lack standing. Fidelcor's second asserted ground for summary judgment is

that the merits of plaintiffs' claim fail the test for relief under § 506(c). Fidelcor asserts as its third ground for summary judgment the precedence of its own superpriority position.

On the issue of the Landlord's standing, the Court concludes that this action is properly brought. As to Fidelcor's other asserted grounds for summary judgment, the Court concludes that genuine issues of material fact exist, and accordingly denies the motion.

## I. *Facts*

The debtor, Staunton Industries, Inc., filed for relief under Chapter 11 on October 2, 1985. Plaintiffs in this action are the debtor's former landlord (Landlord). The Landlord asserts that the debtor owed it over $63,000 in rent and tax arrearages as of the filing of the petition.

Fidelcor financed the debtor's operations prior to the bankruptcy, and held perfected first liens on substantially all of the debtor's property. Fidelcor continued to finance the debtor's operations during the bankruptcy on a superpriority basis under 11 U.S.C. § 364(c)(1), pursuant to the cash collateral and financing order entered on December 4, 1985.

The debtor's operations remained on the Landlord's premises during the bankruptcy, and this Court approved the debtor's assumption of the lease on January 24, 1986. That order specified that both pre-petition and post-petition rent would be deemed an administrative expense in the event that the case were converted to Chapter 7. The parties dispute whether Fidelcor had notice of the proceedings to assume the lease.

The bankruptcy case was converted to Chapter 7 on October 3, 1986. The Landlord asserts that by that time, the debtor had paid a substantial amount of the principal of its pre-petition debt in post-petition payments to Fidelcor. The Landlord asserts that rent and tax arrearages accrued during the Chapter 11 bankruptcy in the amount of approximately $50,000 of post-petition debt.

On November 20, 1986, the trustee conducted an auction sale of the debtor's property on the Landlord's premises. This sale generated proceeds of approximately $325,000.

From these proceeds, the trustee paid Fidelcor $266,856, the full amount of its claim. The trustee also paid the Landlord $27,000, the amount of the rent and taxes which accrued during the Chapter 7 bankruptcy. The Landlord has not been paid for the Chapter 11 rent and taxes, and seeks recovery directly from Fidelcor.

## II. *Standing*

### A. *Fidelcor's Argument*

Fidelcor argues that the Landlord lacks standing to use 11 U.S.C. § 506(c) to charge Fidelcor's collateral. The statute provides:

> (c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

Fidelcor also cites numerous cases, which it argues restrict standing under § 506(c) to trustees and debtors in possession. *Central States, et al. v. James Robbins, et al., (In re Interstate Motor Freight System)*, 71 B.R. 741 (Bankr.W.D.Mich.1987); *In re Dakota Lay'd Eggs*, 68 B.R. 975 (Bankr.D.N.D.1987); *In re Wyckoff*, 52 B.R. 164 (Bankr.W.D.Mich.1985); *In re Fabian*, 46 B.R. 139 (Bankr.E.D.Penn.1985); *Thomas v. Ralston Purina Company*, 43 B.R. 201 (Bankr.M.D.Ga.1984); *In re Proto-Specialties, Inc.*, 43 B.R. 81 (Bankr.D. Ariz.1984); *In the Matter of S & S Industries, Inc.*, 30 B.R. 395 (Bankr.E.D.Mich. 1983); *In re New England Carpet Company*, 28 B.R. 766 (Bankr.D.Vt.1983), *aff'd sub nom., Gravel, Shea & Wright, Ltd. v. New England Carpet Company*, 38 B.R. 703 (D.Vt.1983), *aff'd sub nom., Gravel, Shea & Wright, Ltd. v. Bank of New England*, 744 F.2d 16 (2d Cir.1984); *In re Codesco, Inc.*, 18 B.R. 225 (Bankr.S.D.N.Y. 1982).

## B. *The Landlord's Argument*

The Landlord argues that it has standing, reasoning that the remedy of § 506(c) encompasses its claim against Fidelcor, and that the trustee's refusal or failure to bring the action should not work to deny the Landlord relief. Its principal support comes from the Third Circuit Court of Appeals' decision in *Equitable Gas Company v. Equibank, N.A., (In re McKeesport Steel Castings Company)*, 799 F.2d 91 (3rd Cir.1986), which stated:

"The rule that individual creditors cannot act in lieu of the trustee is often breached when sufficient reason exists to permit the breach. In this case, neither the debtor in possession nor a creditor's committee had reason to make a claim on behalf of Equitable when the debtor thereby would be required to pay for utilities they received without charge following the date that his petition was filed. Thus, because Equitable Gas had a creditor's claim for expenses and was the only creditor that would zealously pursue that claim, it has standing to bring a Section 506(c) action."

799 F.2d at 94. The Landlord also cites *In re T.P. Long Chemical, Inc.*, 45 B.R. 278 (Bankr.N.D.Ohio 1985); *National Bank of North America v. Isaac Cohen Clothing Corp.*, 39 B.R. 199 (Bankr.S.D.N.Y.1984); *Ka-Be Investment Company v. Noland, (In the Matter of King Aluminum Corp.)*, 30 B.R. 335 (Bankr.S.D.Ohio 1983); *In re Atlantic Boat Builders Company*, No. 77-683-BK–J (Bankr.M.D.Fla.1979), 5 Bankr. Ct.Dec. 128 (CRR).

## C. *Discussion*

■ Ordinarily in bankruptcy, valid liens and incumbrances against assets of the estate are satisfied before any disbursements are made. Administrative expenses or general costs of reorganization may not generally be charged against secured collateral. *First Western Savings and Loan Association v. Anderson*, 252 F.2d 544, 547 (9th Cir.1958). An exception to this rule is codified in 11 U.S.C. § 506(c). When expenses of preservation of assets are incurred primarily for the benefit of the secured creditor, or where the creditor caused or consented to such expenses, they can be charged against the collateral. *See, e.g., In the Matter of Trim-X, Inc.*, 695 F.2d 296, 301 (7th Cir.1982).

■ The statute specifies that the trustee may recover such costs from the secured party's collateral, but does not definitively state that no other entity may do so.[1] The legislative history uses similar language.

Subsection (c) also codifies current law by permitting the trustee to recover from property whose value is greater than the sum of the claims secured by a lien on that property that [sic] reasonable, necessary costs and expenses of preserving, or disposing of, the property. The recovery is limited to the extent of any benefit to the holder of such claim.

House Report No. 95–595, 95th Cong., 1st Sess. 357 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 68 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5854, 6313. *See also* 124 Cong.Rec. H 11,-095 (Sept. 28, 1978); S 17,411 (Oct. 6, 1978). The Court has found considerable case law on both sides of the issue.[2]

---

1. The rights and duties of a trustee extend to a debtor in possession by virtue of 11 U.S.C. § 1107.

2. In the present case, standing is posed as a threshold issue to be considered separately from the merits of the § 506(c) claim. Accordingly, those cases involving third party claimants, decided on the merits without discussion of the claimant's standing, are uninstructive. *See* opinions denying relief, *General Electric Credit Corporation v. Peltz, (In re Flagstaff Foodservice Corporation), (Flagstaff II)*, 762 F.2d 10, 11–12 (2d Cir.1985); *Gravel, Shea & Wright, Ltd. v. Bank of New England*, 744 F.2d 16 (2d Cir.1984); *General Electric Credit Corporation v. Levin & Weintraub, (Flagstaff I)*, 739 F.2d 73 (2d Cir. 1984). *See* opinions granting relief, *In the Matter of F/S Airlease II, Inc.*, 59 B.R. 769 (Bankr.W. D.Pa.1986); *John Deskins Pic Pac, Inc. v. Flat Top National Bank*, 59 B.R. 809 (Bankr.W.D.Va. 1986); *National Bank of North America v. Isaac Cohen Clothing Corp.*, 39 B.R. 199 (Bankr.S.D.N. Y.1984); *Ka-Be Investment Company v. Noland, (In the Matter of King Aluminum Corporation)*, 30 B.R. 335 (Bankr.S.D.Ohio 1983). *See also Thomas v. Ralston Purina Company*, 43 B.R. 201, 208 (Bankr.M.D.Ga.1984), in which the court noted that § 506(c) applied to the trustee,

Of the several Courts of Appeals which have interpreted § 506(c), the issue of standing has been addressed only by the Third Circuit, in *McKeesport*.[3] In *McKeesport*, 799 F.2d 91 (3rd Cir.1986), the bankruptcy court had ordered the secured creditor to pay a gas utility, an administrative creditor, out of the proceeds of its collateral. On appeal, the district court reversed, partly for the reason that the gas utility lacked standing under § 506(c) to recover from a secured party's collateral. The Court of Appeals reversed, concluding that "because Equitable Gas had a colorable claim for expenses and was the only creditor that would zealously pursue that claim, it has standing to bring a § 506(c) action." 799 F.2d at 94.

The genesis of the strict standing rule appears in *In re Codesco*, 18 B.R. 225, 230 (Bankr.S.D.N.Y.1982). Although the issue was not necessary to the judgment and was not raised by the parties, the court stated that § 506(c) recovery could be had by the trustee only for costs advanced by the estate. An alternative rationale for *Codesco* is the court's admonishment that § 506(c) cannot be used to circumvent the provisions of § 330 to collect attorneys' fees. *Codesco* was followed without comment in *In re Fabian*, 46 B.R. 139, 141 (Bankr.E.D. Pa.1985), and cited in dicta in *In re New England Carpet Company*, 28 B.R. 766, 771–72 (Bankr.D.Vt.1983), *aff'd sub nom., Gravel, Shea & Wright, Ltd. v. New England Carpet Company*, 38 B.R. 703, 704 (D.Vt.1983), *aff'd sub nom., Gravel, Shea & Wright, Ltd. v. Bank of New England*, 744 F.2d 16 (2d Cir.1984). In *Fabian*, as in the instant case, a Landlord sought recovery from a secured creditor for administrative rent.

In *Central States v. Robbins, (In re Interstate Motor Freight System)*, 71 B.R.

741 (Bankr.W.D.Mich.1987), the court discussed the strict standing rule at length. The analysis in that case began with the observation that "[t]he plain language of Section 506(c) and its corresponding explanation [in the legislative history] would appear to restrict a recovery under Section 506(c) to the trustee and the debtor in possession,...." 71 B.R. at 743. *See also In re Dakota Lay'd Eggs*, 68 B.R. 975, 977–78 (Bankr.D.N.D.1987).

After reviewing the two lines of relevant cases, the court in *In re Interstate Motor Freight System* concluded that a strict interpretation of standing better effectuates the policy of the entire Bankruptcy Code:

> One overarching object of the Bankruptcy Code is equality of distribution to like situated creditors. An expression of this policy is found at 11 U.S.C. § 726(b) which provides in essence that all claimants, including administrative claimants, whose claims accrued in the same chapter shall be reimbursed pro rata. Consistently with this policy, all administrative expenses are on parity as to payment. [Citations omitted.]

*In re Interstate Motor Freight System*, 71 B.R. at 744. The court reasoned that restricting § 506(c) standing to the trustee treats any potential recovery as an asset of the estate to be distributed according to the priorities of the Bankruptcy Code. *See also Dakota Lay'd Eggs*, 68 B.R. at 977–78. The court postulated that a more liberal standing rule would allow an administrative claimant to preempt the trustee and garner the § 506(c) recovery for itself, violating the equality of payment rule of § 726(b). Thus the court declined to follow *McKeesport*, 799 F.2d 91, leaving the administrative claimant the remedy of petitioning the court to instruct the trustee to bring the § 506(c) action on behalf of the

---

not the Chapter 7 debtor, but also noted that the debtor sought recovery of pre-petition expenses.

**3.** *See Central Bank of Montana v. Cascade Hydraulics and Utility Service, Inc.*, 815 F.2d 546 (9th Cir.1987); *Bear v. Coben, (In re Golden Plan of California, Inc.)*, 812 F.2d 1088 (9th Cir.1986); *General Electric Credit Corporation v. Peltz, (In re Flagstaff Foodservice Corporation), (Flagstaff II)*, 762 F.2d 10, 12 (2d Cir.1985); *Gravel, Shea*

*& Wright, Ltd. v. Bank of New England*, 744 F.2d 16 (2d Cir.1984); *General Electric Credit Corporation v. Levin & Weintraub, (In re Flagstaff Foodservice Corporation), (Flagstaff I)*, 739 F.2d 73 (2d Cir.1984); *Brookfield Production Credit Association v. Borron*, 738 F.2d 951 (8th Cir.1984); *In the Matter of Trim-X, Inc.*, 695 F.2d 296 (7th Cir.1982).

estate. *Interstate Motor Freight System,* 71 B.R. 741, 745 n. 5. *See also Dakota Lay'd Eggs,* 68 B.R. at 977–78.

A strict standing rule is not necessary, however, to prevent the concern expressed in *Interstate Motor Freight System.* In order to prevent a valuable cause of action from being lost to the estate, all that is necessary is an opportunity for the trustee to decide whether to bring the action. The liberal standing rule in *McKeesport* applies only in those situations in which the trustee or the debtor in possession will not seek the § 506(c) recovery. 799 F.2d at 94.

Essentially, *McKeesport* allows the creditor to bring the action in lieu of the trustee. *See In re DLS Industries, Inc.,* 71 B.R. 679, 681 (Bankr.D.Minn.1987). *See also In the Matter of Reda, Inc.,* 54 B.R. 871, 881, n. 23 (Bankr.N.D.Ill.1985) (an insurance adjuster creditor brought a § 506(c) action derivatively for the debtor in possession because the debtor in possession had assumed the insurance adjuster's contract, obligating itself to pay the expense). *See also In re T.P. Long Chemical, Inc.,* 45 B.R. 278, 287 (Bankr.N.D.Ohio 1985) (the EPA had standing under § 506(c) to recover its expenses in performing the trustee's duty of removing hazardous wastes). *See also In re Wyckoff,* 52 B.R. 164, 167–68 (Bankr.W.D.Mich.1985); *In re Proto-Specialties, Inc.,* 43 B.R. 81, 83–84 (Bankr.D.Ariz.1984) (in both cases a landlord lacked standing to recover expenses for storing the secured party's collateral under § 506(c), but the court proceeded to decide the applicability of § 506(c) to these expenses as though the trustee had brought the action).

This Court notes, however, that *McKeesport* and *Interstate Motor Freight* differ on a more consequential issue than which party may initiate the action. In *McKeesport,* the non-trustee claimant recovered its expenses directly; the recovery did not flow into the bankruptcy estate to be distributed. *See also In re DLS Industries, Inc.,* 71 B.R. 679, 681 (Bankr.D.Minn.1987); *In the Matter of Reda, Inc.,* 54 B.R. 871, 882, n. 25 (Bankr.N.D.Ill.1985); *In re Wyckoff,* 52 B.R. 164, 168 (Bankr.W.D. Mich.1985). *But cf. In re Proto-Specialties, Inc.,* 43 B.R. 81, 84 (Bankr.D.Ariz. 1984). The bankruptcy court in *Interstate Motor Freight* characterized this result as a violation of 11 U.S.C. § 726(b), which provides for priorities and pro rata payment of claims. It is not clear to this Court, however, why recovery of monies expended by third parties to protect the secured creditor's collateral should flow into the general estate to be subject to § 726(b). Thus the rationale of *Interstate Motor Freight* begs the question.

After considering the cases, the Court finds that it agrees with the Third Circuit's reasoning in *McKeesport,* and finds that *McKeesport* is not substantially distinguishable from the instant case. Accordingly, the Court finds that the Landlord has standing to bring this action.[4]

### III. *Merits*

■ Fidelcor's second asserted ground for summary judgment goes to the merits of the Landlord's claim. Fidelcor argues that the Landlord cannot meet the three part standard of § 506(c), showing that the rent and tax expense was reasonable, necessary and primarily benefited Fidelcor. Fidelcor cites numerous cases construing this standard. The Landlord, however, has raised genuine issues of material fact concerning the benefit which Fidelcor derived

---

**4.** This result does not directly conflict with the decision of Judge Brody of this Court in *In the Matter of S & S Industries, Inc.,* 30 B.R. 395 (Bankr.E.D.Mich.1983). In that case, the Court denied recovery of a creditor's committee attorney's fees under § 506(c). The court noted that § 506(c) confers the right of recovery upon the trustee, not the creditor's committee, reasoning that the creditor's committee's duties are enumerated in 11 U.S.C. § 1103, and may be of dubious benefit to a secured creditor. "A creditor's committee is not charged, as a trustee is, with preserving or disposing of property." 30 B.R. at 398. The Court went on to hold that a creditor's committee may recover such expenses if the secured creditor has consented to their payment, but that such consent should not be inferred lightly. *Id.* In the present case, the Landlord claims to have performed a duty of the debtor in possession, storing the secured creditor's collateral. The Landlord seeks to recover an expense which the debtor in possession incurred by assuming its lease.

from the Chapter 11 proceeding in general and concerning Fidelcor's consent to the rent expenditure. Accordingly, summary judgment is not appropriate under Rule 56(c), Federal Rules of Civil Procedure.

### IV. *Fidelcor's Superpriority*

■ Fidelcor argues that its superpriority lien is superior to the claim of any other claimant, including a claimant under § 506(c). The Court finds no reason to except superpriority secured creditors from the treatment of secured creditors under § 506(c). *See General Electric Credit Corporation v. Levin & Weintraub, (In re Flagstaff Foodservice Corporation), (Flagstaff I),* 739 F.2d 73, 75 (2d Cir.1984). In that case, the court found that an award of attorney's fees under § 330 constituted a § 503(b) administrative expense. Such expenses were subordinate to a superpriority lien under § 364(c)(1). However, the court went on to consider the eligibility of the same claim for treatment under § 506(c) to be charged against the same collateral. *See also General Electric Credit Corporation v. Peltz, (Flagstaff II),* 762 F.2d 10 (2d Cir.1985); *Gravel, Shea & Wright, Ltd. v. Bank of New England,* 744 F.2d 16 (2d Cir.1984).

Accordingly, IT IS HEREBY ORDERED that the defendants' motion for summary judgment is DENIED.