In re J.R. RESEARCH, INC., Debtor.

Bankruptcy No. 84C–02061.

United States Bankruptcy Court, D. Utah.

Aug. 7, 1986.

Duane H. Gillman, Boulden & Gillman, Salt Lake City, Utah, Trustee.

Carolyn Montgomery, Patricia A. Ohlsen, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for Coopers & Lybrand.

Gary E. Jubber, Fabian & Clendenin, Salt Lake City, Utah, for Seafirst Commercial Corp.

## MEMORANDUM OPINION

GLEN E. CLARK, Bankruptcy Judge.

This matter comes before the Court upon a motion by Coopers & Lybrand, former Chapter 11 trustee of this estate, to recover from Seafirst Commercial Corporation costs and expenses, pursuant to § 506(c) of the Bankruptcy Code.

The above-entitled matter was originally filed as a Chapter 11 case on August 2, 1984. Shortly after the commencement of the case, the debtor stipulated to the appointment of a trustee. Coopers & Lybrand served as Chapter 11 trustee from August 10, 1984 until November 4, 1984, at which time this Court entered an order terminating the appointment of the trustee. On August 4, 1985, this case was converted to a case under Chapter 7 of the Bankruptcy Code.

On January 9, 1986, Coopers & Lybrand filed the present motion for "an order allowing it to recover from Seafirst the costs

and expenses incurred by it and its counsel and accountant in preserving and disposing of property which secured Seafirst's claim against the debtor." Pursuant to stipulation of the parties, the Court's consideration in this matter will be limited to the following issues: (1) whether Coopers & Lybrand has standing to bring a claim pursuant to § 506(c); and (2) whether a claim brought pursuant to § 506(c) may be presented by motion or must be pursued by the commencement of an adversary proceeding. Having considered the arguments of counsel and the respective memoranda submitted in this matter, the Court now renders the following Memorandum Decision.

## DISCUSSION

Section 506(c) provides:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

The Legislative History of this provision indicates that

> [a]ny time the trustee or debtor in possession expends money to provide for the reasonable and necessary cost and expenses of preserving or disposing of a secured creditor's collateral, the trustee or debtor in possession is entitled to recover such expenses from the secured party or from the property securing an allowed secured claim held by such party.

124 Cong.Rec. H 11,095 (Sept. 28, 1978); S 17,411 (Oct. 6, 1978).

Notwithstanding the clear mandate in the Bankruptcy Code and its Legislative History that it is "the trustee" who is entitled to recover under § 506(c), Coopers & Lybrand, in its capacity as "former trustee," argues that it is an appropriate party to bring this motion. Coopers & Lybrand contends that it has standing to pursue a § 506(c) claim because the expenses, for which it seeks reimbursement from Seafirst, were incurred by it during its tenure as trustee of this case.

Furthermore, Coopers & Lybrand argues that denying it standing to recover under § 506(c) would raise grave policy implications:

> To disallow Coopers & Lybrand's claim here would mean that trustees who successfully manage a debtor's estate and in doing so incur costs and expenses, will be denied the right to recover from the secured creditors that have benefited from such preservation, where the case was converted before the trustee could claim its fees. Such a holding will encourage trustees to press early on for recovery out of property which secures a creditor's claim. In addition it would provide incentive for a trustee to challenge the conversion of a case until the fee issue was resolved. To disallow the claim here would open an avenue for secured creditors to forestall and eventually prevent recovery by a trustee for the benefits which accrued to the secured creditor through efforts of the trustee.

Memorandum in Support of Former Trustee's 506(c) Motion, pp. 4–5.

■ The issue presented here appears to be a matter of first impression. Section 506(c) is an exception to the general rule that administrative expenses are to be paid from the estate and not out of the collateral of secured creditors. *In re American Resources Management Corp.*, 51 B.R. 713, 719 (Bkrtcy.D.Utah 1985); *In re New England Carpet Co.*, 28 B.R. 766 (Bkrtcy. D.Vt.), *aff'd*, 38 B.R. 703 (D.Vt.1983). Therefore, this provision must be strictly construed and given a limited application.

The right to recover under § 506(c) is expressly limited to the trustee and, by virtue of § 1107, the debtor-in-possession. This Court has previously ruled "that claims under § 506(c) of the Bankruptcy Code may only be brought by the trustee, and may not be asserted by other parties in interest." *City Ice Company v. Max Financial, et al.*, Adversary No. 84PC–1898 (April 3, 1985). That holding is supported by a substantial body of case law. *In re*

*New England Carpet Co.,* 28 B.R. 766 (Bkrtcy.D.Vt.), *aff'd,* 38 B.R. 703 (D.Vt. 1985) ("plain meaning of section 506(c) permits only trustees and debtors in possession to recover expenses"); *In re Codesco, Inc.,* 18 B.R. 225 (Bkrtcy.S.D.N.Y.1982); *In re Air Center, Inc.,* 48 B.R. 693 (Bkrtcy.W.D. Okla.1985) (debtor's landlord did not have standing to bring § 506(c) claim); *Thomas v. Ralston Purina Co.,* 43 B.R. 201 (Bkrtcy. M.D.Ga.1984) (debtor in Chapter 7 does not have standing to bring § 506(c) claim); *In re S & S Indus., Inc.,* 30 B.R. 395 (Bkrtcy.E.D. Mich.1983) (Section 506(c) is not available to the creditors' committee).[1]

*In re Codesco, supra,* involved an application for compensation by the law firm of Eisen & Fishman, co-counsel for the Chapter 11 debtor. When the case was subsequently converted to Chapter 7, Eisen & Fishman attempted to rectify their failure to properly obtain interim compensation during the Chapter 11 case by holding a secured creditor responsible for their fee under § 506(c), on the theory that their services were required for the preservation and disposition of the estate through liquidation sales of the debtor's assets, and that such services benefited the secured creditor. The court rejected the law firm's claim under § 506(c):

> There is nothing in Code § 506(c) that creates an independent cause of action in favor of the debtor's attorney against the holders of secured claims or their collateral. Implicit in the basis for recovery is that the costs were paid by the estate and that the debtor-in-possession or the trustee, acting for the estate, is the proper party to seek a recovery under Code § 506(c).

18 B.R. at 230.

■ We agree. This Court believes that Coopers & Lybrand's position—that it rightfully fits within the statutory framework of § 506(c) since it seeks reimbursement in its capacity as former "trustee"—

significantly misconstrues the meaning, purpose and intent of § 506(c). A claim for recovery under that provision belongs to the estate, not to any individual or other entity in some independent capacity. As noted by Judge Schwartzberg in *Codesco,* the availability of recovery under § 506(c) assumes that estate assets were utilized to preserve collateral of the secured creditor. The only proper party in interest to pursue this claim is the fiduciary of the estate. It is *the estate* which is to be reimbursed for the expenditure of its assets in the preservation of a secured claimant's collateral. The duly appointed and authorized trustee, as custodian of the estate property, is the only party with standing to assert a § 506(c) claim. While serving as Chapter 11 trustee, Coopers & Lybrand had the power and duty to pursue these claims. However, when its trustee appointment was terminated, those trustee duties and responsibilities devolved back to the debtor in possession, and, ultimately, to the Chapter 7 trustee upon conversion. He now has the fiduciary duty to pursue any § 506(c) claims which the estate may possess. Following the termination of its appointment, a former trustee may no more recover property of the estate pursuant to § 506(c) than it may recover a fraudulent conveyance or a preferential transfer. Section 506(c) was never intended to operate as a guarantee of the trustee's compensation, nor that of the professionals which it chooses to employ. Rather, § 506(c) provides for the recovery of estate assets to the extent they were used to preserve collateral of a secured claimant.

■ In light of the limited inquiry of the Court in this matter (and, by virtue of the stipulation, the extent to which we have been privy to the underlying factual context), it is difficult to fully evaluate the former trustee's position. However, it appears to the Court that Coopers & Lybrand is attempting to elevate its Chapter 11 administrative claim to a prioritized position

---

1. There is a division of authority as to whether *counsel* for the debtor-in-possession has standing to seek recovery under § 506(c). *See* 3

COLLIER ON BANKRUPTCY, 506.06 at 506–51 (15th ed. 1985); *In re Baum's Bologna, Inc.,* 50 B.R. 689 (Bkrtcy.E.D.Penn.1985).

by virtue of § 506(c). That this Court will not allow. To the extent that the former trustee expended estate assets, the Chapter 7 trustee is charged with the duty of recovering those funds in the form of a § 506(c) claim. However, to the extent to which the trustee expended personal assets in preserving collateral, its remedy is to pursue an administrative claim against the estate as any other administrative claimant.

Coopers & Lybrand vigorously asserts that its interests are not protected by a claim brought by the Chapter 7 trustee since it would be limited to a pro rata amount following the payment of Chapter 7 administrative claims. Furthermore, it suggests that the Court's ruling will encourage trustees to press early for their fees, thereby upsetting the orderly administration of the estate.

Necessarily implicit in the former trustee's argument is the realization that estate assets are not at issue here at all. Were that the situation, the former trustee would have no monetary or fiduciary interest. Those are now vested in the Chapter 7 trustee. The foregoing analysis leads the Court to conclude that what is at issue here is the trustee's administrative claim. As such, its position is no different than any other Chapter 11 administrative claimant. We noted in *In re American Resources Management Corp.*, 51 B.R. 713 (Bkrtcy.D. Utah 1985) that while "[i]t may be appropriate to authorize payment of administrative expenses ahead of superpriority claims when there are adequate unencumbered assets in the estate, or when the bankruptcy judge has adequate assurances that there will be, ... their payment must be consistent with the Code's overall scheme of priorities. Post-petition ... administrative expenses ... may not be given priority over existing liens and superpriority claims." 51 B.R. at 719. "As a general rule, when the debtor's estate lacks sufficient funds to pay all administrative expenses in full, administrative claimants must share pro-rata in the available funds." Ibid. at 721. *See also In re IML Freight, Inc.*, 52 B.R. 124 (Bkrtcy.D.Utah 1985).

Section 726(b) sets forth the priority scheme for the payment of administrative expenses in cases converted to Chapter 7 from Chapter 11. That section of the Code provides that Chapter 11 administrative expenses, such as that of the former trustee, shall be paid pro rata following the payment of Chapter 7 expenses. This Court may not in good conscience allow the former trustee (and the professionals employed by it) to circumvent the priority scheme set forth by Congress in § 726(b). "Section 726(b) of the Bankruptcy Code is intended to assure that those whose services are necessary to liquidate the debtor's assets be fully compensated. Professional persons who performed services during the Chapter 11 administrative case are on a parity with other Chapter 11 administrative claimants and must share pro rata among the remaining funds." *In re IML Freight, Inc.*, 52 B.R. 124, 140 (Bkrtcy.D.Utah 1985). It is not appropriate for this Court to alter these priorities.

Finally, the Court does not believe that this decision will have a chilling effect on Chapter 11 trustees or the administration of their estates. All administrative claimants run the risk of nonpayment or partial payment whenever there is an adequate protection shortfall under § 507(b), superpriority borrowing under § 364, or conversion of the case and subordination of Chapter 11 administrative expenses under § 726(b). *In re American Resources Management, supra.* These risks are well known to experienced bankruptcy practitioners and there is some uncertainty in every Chapter 11 case. The clarification set forth in this opinion will not add significantly to those risks and uncertainties.

Having decided that a former trustee does not have standing to assert a claim under § 506(c), it is unnecessary for the Court to address the second issue—whether a § 506(c) claim must be pursued by the filing of an adversarial complaint.

Counsel for Seafirst Commercial Corporation is instructed to prepare and submit a judgment and order consistent herewith and pursuant to Local Rule 13.