### In re SO GOOD SOUTH POTATO CHIP COMPANY, Debtor.

**Bankruptcy No. 88–04525–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

July 11, 1990.

---

**4.** This Court in no way wishes to challenge the correctness of the decision reached in *Amarex*.

Neil Weintraub, Office of the U.S. Trustee, St. Louis, Mo.

E. Rebecca Case, Clayton, Mo., for Trustee.

Norman W. Pressman, St. Louis, Mo., Trustee.

Steven Goldstein, St. Louis, Mo., for Congress Financial.

Thomas G. Berndsen, St. Louis, Mo.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The parties have requested that the Court initially determine the issue of whether an individual creditor (the Debtor's former landlord) has standing to pursue a claim under 11 U.S.C. § 506(c) in this Chapter 7 case.

The facts pertinent to this issue are as follows: This case is a case under Chapter 7, having been converted from a Chapter 11 Reorganization case which had been commenced by the Debtor in December, 1988. The Debtor's stockholders, A. Elmer Leeker, Doris P. Leeker and Doris P. Leeker, Trustee of the Doris P. Leeker Living Trust, own the commercial real property which had been leased to the Debtor for its potato chip manufacturing operations. The lease was an executory contract at the commencement of this case. On October 18, 1989, approximately three weeks prior to the conversion to Chapter 7, the Bankruptcy Court entered certain findings and conclusions which determined that the lease was deemed to have been rejected by operation of Section 365(d)(4) of Title 11 of the United States Code. The Debtor's landlords are now seeking to recover the cost of storage of the Debtor's equipment at the business location during the pendency of the Chapter 11 case, pursuant to Section 506(c).

The objector, Congress Financial Corporation (Central), argues that since the property owners are not the trustee or the debtor-in-possession, they have no standing to pursue a claim under Section 506(c). In the circumstances presented here, the objection must be overruled.

Section 506(c) states that: "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." This right of recovery is extended to debtors-in-possession. *See*, 11 U.S.C. § 1107. The statute is silent as to whether any other entity may proceed under this section.

A problem may exist where, as here, the trustee has apparently decided that pursuing this action under Section 506(c) is uneconomical or otherwise not justified by the record. Other jurisdictions are divided on whether to allow individual creditors to seek payment. *See, In re Staunton Industries, Inc.,* 74 B.R. 501 (Bankr.E.D. Mich.1987) (discussing the various courts and their rulings). Neither the parties' memoranda nor the Court's research has

located an opinion by the Eighth Circuit Court of Appeals on this issue.

Interpreted strictly, Section 506(c) permits *only* a trustee or a debtor-in-possession to recover the costs and expenses of preserving or disposing of property securing an allowed secured claim to the extent of any benefit to the holder of such claim. Any recovery under Section 506(c) is intended to be for the benefit of the bankruptcy estate. The record may later establish that the costs and expenses which produced this benefit were expended from estate assets by a trustee or by a debtor-in-possession, or that they were expended by a specific administrative priority claimant or by specific administrative priority claimants. Section 506(c) does not create a right of recovery in favor of an entity other than a trustee or debtor-in-possession. However, such a right of recovery against specific secured property may otherwise exist under Title 11 or other applicable non-bankruptcy law.

■ Upon a review of the cases presented by both parties, the court has determined that in the interests of fairness an action under Section 506(c) such as has been presented here may be prosecuted by a creditor if the creditor has established that the trustee or debtor-in-possession has declined or refused to pursue the action. A contrary position may result in a windfall benefit to the secured creditor to the detriment of a third party. *See In re World Wines, Ltd.*, 77 B.R. 653, 658 n. 4 (Bankr. N.D.Ill.1987).

Therefore,

IT IS ORDERED that the objection of Congress Financial Corporation (Central) to the landlords' standing to prosecute this action for a recovery against specific collateral under Section 506(c) is overruled.