**In re SCOPETTA–SENRA PARTNER- SHIP, III d/b/a Rainbow Isuzu, Debtor.**

**Bankruptcy No. 90–22129–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

May 9, 1991.

Jules I. Bagdan, Miami, Fla., Chapter 7 trustee.

Charles W. Throckmorton, Kozyak Tropin Throckmorton & Humphreys, P.A., Miami, Fla., for debtor.

Lynn Gelman, Asst. U.S. Bankruptcy Trustee, Miami, Fla.

Patricia A. Redmond, Miami, Fla., for American Isuzu.

Gary R. Jones, Hickey & Jones, P.A., and Joel Tobas, Miami, Fla., for Pacific Nat. Bank.

Timothy J. Norris, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for Chrysler Credit Corp.

Steven Friedman, Miami, Fla., for Maroone Realty, Inc.

Billie Tarnove Morrison, Fort Lauderdale, Fla., for Michael Bassichis and Phyllis Bassichis.

## ORDER GRANTING MOTION TO DISMISS THE MOTION TO SURCHARGE SECURED CREDITORS

A. JAY CRISTOL, Bankruptcy Judge.

This cause came before the Court for hearing on March 4, 1991, at 9:45 a.m. upon the Motion to Surcharge Secured Creditors and upon Chrysler Credit Corporation's Motion to Dismiss the Motion to Surcharge Secured Creditors. The Court has reviewed the motions and memoranda of law submitted by both Chrysler Credit Corporation ("Chrysler Credit") and creditors Michael Bassichis and Phyllis Bassichis (the "Bassichises"), has heard the argument of counsel for Chrysler Credit and the Bassichises, and reaches the following conclusions.

On April 4, 1990, the Debtor filed a Petition for Relief under Chapter 11 of the United States Code (the "Code"). The case was converted to a case under Chapter 7 on October 26, 1990 when the Debtor's proposed plan of reorganization was not confirmed. Jules Bagdan was appointed as trustee on October 26, 1990. On or about January 29, 1991, the Bassichises filed a motion to surcharge the secured creditors with a reasonable part of the administrative expenses allegedly incurred during the Chapter 11 case. The trustee did not join as a party bringing such motion.

In their motion, the Bassichises assert that at the time of the filing of the Petition, the Debtor and the Bassichises were parties to a lease agreement whereby the Bassichises leased to the Debtor a parcel of real property upon which the Debtor operated an automobile dealership. The Bassichises allege that the Debtor has remained in possession of the leased property throughout the Chapter 11 proceeding while it continued to conduct its business operation for the benefit of the secured creditors. Although the Bassichises have waived any administrative rent claim during the pendency of the Chapter 7 proceeding as part of the purchase of certain assets of the estate, they claim that they are entitled to surcharge the secured creditors for administrative rent arising out of the Debtor's use of the property during the Chapter 11 proceeding.

Chrysler Credit filed a Motion to Dismiss the Motion to Surcharge Secured Creditors arguing that the Bassichises lacked standing to bring a motion for recovery under § 506(c). In its motion to dismiss, Chrysler Credit did not address the issue of the Bassichises' entitlement to administrative rent but focused its argument on the proper party to bring a motion for surcharge. However, this Court does not need to decide if the Bassichises have a valid claim for administrative rent in this case, as it concludes that the Bassichises lack standing to bring a motion for surcharge pursuant to § 506(c).

As a matter of statutory construction, when a statute's language is plain, clear, and otherwise unambiguous, the sole function of a court is to enforce it strictly according to its terms. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Despite any assertion by the Bassichises to the contrary, a motion for surcharge under § 506(c) may only be brought by the trustee on behalf of the estate. Section 506(c) provides that:

> The *trustee* may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim. [Emphasis added].

The language of the statute clearly and unambiguously states that it is the trustee and not a creditor who may bring an action for recovery from property securing an allowed claim. Therefore, enforcement of the strict terms of § 506(c) requires a finding that the Bassichises lack standing as they are not the trustees in this case. *See In re J.R. Research, Inc.*, 65 B.R. 747 (Bkrtcy.D.Utah 1986) (§ 506(c) must be strictly construed and given a limited application).

In addition, expanding upon the language of § 506(c) runs contrary to the Supreme Court's decision in *Ron Pair*, where the Court interpreted another part of § 506. In *Ron Pair*, the Court enforced the plain language of the statute in holding that creditors were entitled under § 506(b) to receive post-petition interest on a non-consensual oversecured claim. Allowing administrative claimants to bring suit under § 506(c) when they are not specifically set forth in the statute as being entitled to recovery would be inconsistent with the Supreme Court's holding that § 506(b) should be applied literally according to its terms. Had Congress intended administrative claimants or other creditors to be proper parties to bring actions under § 506(c), it would have included language so providing.

■ While it is true that in cases of statutory construction courts sometimes look beyond the actual language of a statute, this practice is proper only in rare circumstances. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. at 242, 109 S.Ct. at 1031, 103 L.Ed.2d at 299 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). This case does not present such a rare situation. First, the legislative history explaining § 506(c) also appears to restrict recovery to the trustee. *See* H.R. No. 95–595, 95th Cong. 1st Sess., p. 357 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Second, as discussed *infra*,

extending § 506(c) to include parties other than the trustee will produce a result "demonstrably at odds with the intention" of Congress as expressed in other sections of the Bankruptcy Code. Thus, a strict application of § 506(c) is consistent with Congressional intent both as to § 506 and the Code as a whole.

The decision of this Court is also in accord with a number of courts which have properly held that a creditor lacks standing to bring a motion for administrative expense recovery under § 506(c). *See, e.g., In re Interstate Motor Freight System IMFS, Inc.*, 71 B.R. 741, 745 (Bkrtcy.W.D. Mich.1987); *In re Proto–Specialties, Inc.*, 43 B.R. 81, 83 (Bkrtcy.D.Ariz.1984); *In re Fabian*, 46 B.R. 139, 141 (Bkrtcy.E.D.Pa. 1985); *In re Groves Farms, Inc.*, 64 B.R. 276, 277 (Bkrtcy.S.D.Ind.1986); *In re J.R. Research, Inc.*, 65 B.R. 747, 750 (Bkrtcy.D. Utah 1986). Allowing parties other than the trustee to bring actions pursuant to § 506(c) will lead to results that are inconsistent with other sections of the Bankruptcy Code and will frustrate the overall policies and objectives of the Code. Such a situation will occur here if the Bassichises' Motion for Surcharge is granted, as the Code envisions equality of distribution among creditors of the same priority. *See In re Interstate Motor Freight, supra.*

In *Interstate Motor Freight*, the court held that employee benefit funds, as Chapter 11 administrative claimants, lacked standing to bring an action against secured lenders for recovery of the reasonable and necessary expenses incurred in preserving collateral before the case was converted to Chapter 7. *In re Interstate Motor Freight System IMFS, Inc.*, 71 B.R. at 745. The court reasoned that the objective of equality of distribution among like situated creditors as set forth in § 726(b) would be violated if the claimants were allowed recovery since the claimants would recover all of their claims while other similarly situated creditors would recover nothing. *Id.* at 744. Moreover, allowing such a recovery would mean that Chapter 11 administrative claimants would recover their claims while Chapter 7 claimants would remain unpaid

despite the latter having priority under § 726(b). *Id.*

This Court agrees with the reasoning set forth in *Interstate Motor Freight.* The Bassichises are seeking to recover administrative expenses which were incurred during the Chapter 11 proceeding to the detriment of Chapter 7 administrative claimants. Pursuant to § 726(b) of the Code, Chapter 7 administrative claimants have priority over Chapter 11 administrative claimants. If the Bassichises are permitted a recovery from the secured creditors pursuant to their motion for surcharge, the priority required under § 726(b) would be violated because a Chapter 11 administrative claimant would receive payment ahead of Chapter 7 administrative claimants. Moreover, allowing the Bassichises to collect from secured creditors under § 506(c) while other Chapter 11 administrative claimants receive nothing would violate the equality of distribution required by § 726(b). Such a result plainly would be contrary to Congress' intent in enacting § 726(b).

In addition, a determination that administrative claimants have standing to assert a motion for surcharge misconstrues the purpose of § 506(c). Section 506(c) is designed to allow the trustee to recover the reasonable and necessary costs and expenses incurred in preserving a secured creditor's collateral. As stated by the court in *J.R. Research, Inc.,* 65 B.R. at 750, it is the estate rather than individual creditors which is entitled to reimbursement for any expenditures made in preserving the secured creditor's property. Moreover, since the claim for recovery belongs to the estate, it does not belong to any individual in an independent capacity. *Id.* Thus, as the authorized custodian of estate property and the fiduciary of the estate, the trustee is the only proper party with standing to act on behalf of the estate.

Therefore, this Court holds that the only way to uphold the overall policies and objectives of the Bankruptcy Code is to limit standing under § 506(c) to the trustee. Moreover, this decision is consistent with established principles regarding statutory construction. While the Court recognizes that some courts have allowed parties other than the trustee to bring actions pursuant to § 506(c) [1], such cases did not consider the § 726(b) priority problems that will result if administrative claimants such as the Bassichises are found to have standing to bring motions for surcharge of secured creditors and most were decided prior to the Supreme Court's literal application of § 506 in *Ron Pair.* It is therefore,

ORDERED that Chrysler Credit's Motion to Dismiss the Motion to Surcharge Secured Creditors is hereby granted and the Bassichises' Motion to Surcharge Secured Creditors is hereby denied.

DONE and ORDERED.

---

1. *See, e.g., In re Isaac Cohen Clothing Corp.,* 39 B.R. 199 (Bkrtcy.S.D.N.Y.1984); *In re Daulerio,* 71 B.R. 112 (Bkrtcy.E.D.Pa.1987); *In re Loop Hospital Partnership,* 50 B.R. 565 (Bkrtcy.N.D. Ill.1985); *In re International Club Enterprises, Inc.,* 105 B.R. 190 (Bkrtcy.D.R.I.1989).