In re SCOPETTA–SENRA PARTNERSHIP III d/b/a Rainbow Isuzu, Debtor.

Bankruptcy No. 90–22129–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Aug. 8, 1991.

Billie Tarnove Morrison, Fort Lauderdale, Fla., for creditors, Michael and Phyllis Bassichis.

Geoffrey Aaronson, Schantz, Schatzman & Aaronson, Miami, Fla.

Timothy J. Norris, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for Chrysler Credit Corp.

Jules Bagdan, Miami, Fla., trustee.

Joel Tabas, Miami, Fla.

Gary R. Jones, Miami, Fla., for Pacific Nat. Bank.

Lynn Gelman, U.S. Trustee's Office, Miami, Fla.

Steven Friedman, Miami, Fla., for Maroone Realty, Inc.

Patricia A. Redmond, Miami, Fla., for American Isuzu.

## ORDER GRANTING MOTION FOR REHEARING

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE, having come before this Court on July 8, 1991 on Creditors, MICHAEL BASSICHIS and PHYLLIS BASSICHIS (hereinafter "BASSICHIS"), Motion for Rehearing of this Court's Order Dismissing Creditor's Motion to Surcharge, the Court having reviewed the pleadings and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED:

On January 29, 1991, Bassichis filed a Motion to Surcharge the secured creditors with a reasonable part of the administrative expenses incurred during the Chapter 11 case. In response thereto, Chrysler Credit Corp. filed a Motion to Dismiss stating that Bassichis did not have standing to bring an action under 11 U.S.C. 506(c). On March 4, 1991, this Court held a hearing on

the Motion to Surcharge and Motion to Dismiss and directed the parties to submit Orders supporting their respective positions. On May 9, 1991, this Court entered an Order Granting the Motion to Dismiss the Motion to Surcharge Secured Creditors. 127 B.R. 282. In so ruling, the Court aligned itself with certain cases which state that the statute should be strictly construed and that the statute outlines that only the trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim. Since the submission of the Orders, In the *Matter of Delta Towers, Ltd., d/b/a Ramada Hotel Orleans, La.*, 924 F.2d 74 (5th Cir.1991) has been published. In *Delta Towers, Ltd.*, the court permitted a creditor to pursue a claim of Chapter 11 administrative expense where the trustee or debtor-in-possession failed to pursue the claim on behalf of the creditor. In so ruling, the court adopted the reasoning of the cases which permit the creditor to bring an action for surcharge. "A contrary position may result in a windfall benefit to the secured creditor to the detriment of a third party." *"In re: So Good South Potato Chip Co.*, 116 B.R. 144, 146 (Bkrtcy.E.D.Mo.1990). In this case, it is clear that the secured creditors have received a windfall benefit by the failure to allow the surcharge of the estate. The secured creditors have used the Bassichis property for over one year without any administrative rent payment to Bassichis. The benefit to the secured creditors is as follows: (1) storage of their assets without payment; (2) continuation of the franchise operations during the course of the year which will enable the sale of the franchises bringing in increased revenues to the secured creditors and (3) the continued use of the premises to sell the vehicles to enable repayment to the secured creditors. It is clear that the franchises could not have been sold without the ongoing operations of the franchises.

Section 506(c) is an equitable remedy to permit the equitable principle that a lienholder may be charged with the reasonable costs and expenses incurred by the debtor or trustee which are required to preserve or dispose of the property subject to lien to the extent the lienholder derives a benefit. As Section 506(c) is an equitable remedy, the cases which limit recovery to the trustee or debtor-in-possession adopt a minority view.

■ This Court is persuaded by the view of *Delta Towers and Collier's* that a secured creditor who received a direct benefit from the rendition of services or provision of goods by an administrative claimant of the estate should have the collateral charged for such benefit, regardless of whether proceeds of such charge are paid to the debtor, debtor in possession or trustee as reimbursement for its prior payment to the claimant or are paid to the claimant directly. 3 Collier on Bankruptcy, Paragraph 506.06.

■ In this case, the Chapter 7 trustee had no interest in bringing the Motion to Surcharge as the claim is for Chapter 11 administrative expenses. The Debtor who could bring this action is no longer in existence and has no reason at this time to bring the motion to allow Chapter 11 administrative expenses.

The previous ruling of this Court prohibiting Bassichis to bring the Motion to Surcharge allows the secured creditors to receive a windfall at the expense of another creditor. Clearly, Section 506(c) did not anticipate this result.

There is sufficient authority to permit Bassichis to maintain the Motion for Surcharge. *In re: Delta Towers, Ltd., supra.* It would appear that the windfall that the secured creditors would receive by limiting recovery to the trustee would be inequitable and that the bankruptcy code did not foresee this windfall.

The Court rejects arguments made by the secured creditor that the ruling in *In re: Delta Towers, Ltd.* dicta should not be applied by this court. *In re: Delta Towers, Ltd.* specifically reached the issue that an individual other than the trustee may bring an action for surcharge. Although the ruling is not binding on this court, the

Court accepts the reasoning contained therein and relies on same in this ruling.

■ Additionally, the windfall that the secured creditors would receive clearly outweighs the distribution objectives established by Congress in Section 726(b) of the Code. When a surcharge is being assessed against the secured creditors, the amount is reducing the amount being paid to secured creditors and as such, the distribution objectives are not effected. The purpose of the surcharge is to prevent such a windfall. The argument made by the secured creditors that to award a surcharge violates the distribution objectives established by Congress in Section 726(b) is, upon this hearing, rejected. Obviously, the award of a surcharge when applied by the trustee would have the same effect on the distribution objectives but is clearly accepted by the Code. The only issue is whether anyone other than the Trustee can bring such a surcharge. To state that the award of a surcharge violates the distribution objectives would apply to a surcharge brought by the Trustee as well. This Court finds that this is not the issue herein. The issue is whether anyone other than the Trustee can bring such a surcharge.

The Court finds that the strict construction of the statute creates an inequitable windfall to the secured creditors. As such, the Court grants Creditor's Motion for Rehearing on Chrysler Credit Corp.'s Motion to Dismiss the Creditor's Motion to Surcharge. Creditor Bassichis's Motion to Surcharge is granted and an evidentiary hearing shall be set for the determination of the amount of the surcharge.