In re DYAC CORPORATION, Debtor and Debtor–in–Possession.

P. Richard WILLIAMS, Appellant/Cross–Appellee,

v.

BANK ONE CLEVELAND, NA, Appellee/Cross–Appellant.

No. 1:93CV2301.
Bankruptcy No. 92–11330.

United States District Court,
N.D. Ohio, E.D.

Feb. 25, 1994.

Kenneth L. Gibson, Weick, Gibson & Lowry, Cuyahoga Falls, OH, for P. Richard Williams.

Arthur Joseph Tassi, III, Berick, Pearlman & Mills, Cleveland, OH, for Bank One Cleveland, NA.

### MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

P. Richard Williams, the accountant employed to organize and maintain the books of the debtor, Dyac Corporation, during its Chapter 11 proceedings, appeals the Bankruptcy Court's order denying him relief against the secured creditor Bank One under 11 U.S.C. § 506(c). Bank One appeals the Bankruptcy Court's decision to allow Williams' fee application as a Chapter 11 administrative claim.

For the reasons that follow, both orders of the Bankruptcy Court are affirmed.

## I.

Dyac Corporation (Dyac) filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, intending to contin-

ue operation during its reorganization pursuant to statutory authority. Shortly after filing its petition, Dyac sought authorization to retain Williams as its accountant for the duration of the reorganization, pointing out the complex nature of the accounting and financial matters present in the estate as justification for his employment. *See* Application for Authorization to Retain Accountant, filed April 2, 1992, at 2. On June 2, 1992, the Bankruptcy Court granted the application *nunc pro tunc* March 6, 1992, and ordered that "the debtor may pay P. Richard Williams a retainer in the amount of $7,500.00, to be held for application against postpetition fees and expenses at such time as allowance and payment of such fees and expenses is authorized by this Court." Order Authorizing Employment of Accountant at 2.[1]

It is not disputed that Williams worked for Dyac throughout its reorganization. On August 18, 1992, the Bankruptcy Court filed an order allowing Dyac to sell substantially all of its assets outside the regular course of business. The Bankruptcy Court ordered the distribution of the proceeds from the sale of Dyac's assets on October 16, 1992, at which time the case was converted from a Chapter 11 proceeding to a Chapter 7 proceeding.

On February 25, 1993, over four months after the conversion and five months after his last work for Dyac, Williams filed his application for allowance of compensation and reimbursement of expenses. In his application, Williams asserted that he had received a total of $16,500.00 compensation for his services to Dyac, that the reasonable value of the services rendered and his expenses totalled $66,375.19, and that he therefore was entitled to payment totalling $49,875.19. Williams sought an order requiring Bank One to pay him or alternatively directing the trustee to recover the funds from Bank One.

Bank One filed an objection to Williams' fee application, arguing that the amount sought was excessive, and that Bank One, as the secured creditor, should not be required after conversion to pay Dyac's debt to Williams.

The Bankruptcy Court held a hearing on Williams' application on September 10, 1993, after which it issued two orders. In its first order, that court sustained Bank One's objections to Williams' efforts to obtain funds from it, and held that Williams had no standing to seek payment from Bank One under 11 U.S.C. § 506(c). In its second order, the Bankruptcy Court allowed Williams' application for payment as a Chapter 11 administrative claim. Essentially, the Bankruptcy Court held that Williams' fee application was payable as a Chapter 11 administrative claim, but that Bank One should not have to pay it.

On September 23, 1993, Williams filed his notice of appeal to this Court; Bank One filed a notice of appeal on September 30, 1993.

Williams filed his appellate brief on November 12, 1993; Bank One filed its brief in opposition to Williams' appeal and in support of its own appeal on December 23, 1993. The parties filed response and reply briefs, and the issues are now joined before this Court.

## II.

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a), which provides that the district courts have jurisdiction "to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings and referred to the bankruptcy judges under section 157 of this title."

■ The standard of this Court's review of the Bankruptcy Court's decision is delineated by Bankruptcy Rule 8013.

---

1. Bank One argues that the $7,500.00 compensation approved in the Bankruptcy Court's Order is the only payment Williams was authorized to receive, and the $9,000.00 Williams received thereafter was unauthorized. Bank One apparently is suggesting that no additional payment over and above the $7,500.00 approved by the Bankruptcy Court can be awarded now. Bank One did not raise this argument in the Bankruptcy Court. Because the Bankruptcy Court did not have the opportunity to address this argument, this Court will not consider it.

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The Bankruptcy Court's conclusions of law are subject to de novo review in this Court. *See In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988).

### III.

#### A. Bank One's Appeal

Bank One asserts that the Bankruptcy Court should not have granted Williams' fee application because it was not filed in a timely fashion, and it was for an excessive amount of money. Brief of Appellee/Cross–Appellant at 8.

■ Bank One declares that because Williams' fee application was not filed until after conversion of the estate from Chapter 11 to Chapter 7, it was tardy, and should have been denied in its entirety. Brief of Appellee/Cross–Appellant at 10–11. Bank One cites only one case in support of this argument, and that case is inapposite, because it refers to the administrative claim of a utility. *See id.; see also In re Watts*, 85 B.R. 470 (Bankr.S.D.Ohio 1988). That case is inapplicable to the claim of a professional person. As Bank One points out elsewhere in its brief, the validity of Williams' claim for compensation should be considered under 11 U.S.C. § 330, which relates specifically to the compensation of trustees, examiners, professional persons or attorneys.[2] Section 330 does not prescribe a time limit for filing claims for compensation.

Williams refers the Court to Bankr.R. 1019, directing the filing of certain documents in the conversion of a case from Chapter 11, 12 or 13 to Chapter 7, and points out that Rule 1019 does not direct the filing of a fee application within a particular time period in the situation present here. Reply Brief on Appellant's Appeal/Response Brief on Appellee's Cross Appeal at 14. Williams is correct that no time frame listed in Rule 1019 appears applicable to the facts of this case.

While the Court is convinced that fee applications should be filed as soon as possible after services are rendered, the failure to do so in this case does not appear to have violated any specific procedural rules. Williams actually was entitled to compensation from the debtor corporation which no longer exists and has no funds. In failing to seek compensation in a more timely fashion, Williams has harmed only himself.

Bank One further contends that the amount of compensation sought was excessive, and points to the Bankruptcy Judge's comments to that effect in the transcript of the hearing on Williams' fee application. Brief of Appellee/Cross–Appellant at 3–7. While it is true that the Bankruptcy Court expressed concerns over the amount of compensation sought by Williams, that court finally decided to allow payment of the fee application as presented, and entered its order to that effect. Transcript at 63.

■ Bank One offers no support for its contention that the fees, as awarded by the Bankruptcy Court, were excessive. This is not surprising, as the decision of what constitutes a reasonable fee amount is a question of fact, the determination of which rests in the sound discretion of the Bankruptcy Court. *See* Bankr.R. 8013. In the absence of some specific indication of a clear error by the Bankruptcy Court, this Court will not reverse the Bankruptcy Court on this issue.

---

**2.** *See* 11 U.S.C. § 330(a).
[T]he court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—
(1) reasonable compensation for actual, necessary services rendered by such trustee, examin-

er, professional person, or attorney, ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and
(2) reimbursement for actual, necessary expenses.

## B. Williams' Appeal

Williams frames his appeal in five issues, stated as follows:

*Issue No. 1*

The Bankruptcy Court erred in holding that the Court or creditors did not have the burden of notifying all interested parties and creditors and imposing the duty of examination of the Court's docket on P. Richard Williams.

*Issue No. 2*

The Bankruptcy Court erred in holding that P. Richard Williams did not have standing to pursue the claim under section 506(c) of the Bankruptcy Code.

*Issue No. 3*

The Bankruptcy Court erred in holding that section 506(c) requires that the applicant show that the fees or expenses were incurred "primarily for the benefit of the secured creditor" in addition to the requirement that such creditor "directly benefitted" from the work of the applicant.

*Issue No. 4*

The Bankruptcy Court's finding of fact that there was no direct benefit to the bank was clearly erroneous.

*Issue No. 5*

The Bankruptcy Court erred in denying the motion of P. Richard Williams for relief under section 506(c) of the Bankruptcy Code.

Brief of Appellant at 1. Williams' arguments boil down to two contentions: first, that the Bankruptcy Court erred in determining that it was not required to serve Williams with notice of the conversion from Chapter 11 to Chapter 7; and second, that 11 U.S.C. § 506(c) allows Williams, as an administrative claimant, to recover his fees from the secured creditor, Bank One.

■ Williams asserts that he was entitled to notice of the Bankruptcy Court's actions, including its approval of the sale of the debtor corporation and the conversion of the case from Chapter 11 to Chapter 7. Brief of Appellant at 13. The rules Williams cites for this proposition, however, refer to the notice required for creditors, rather than any requirement of notice for administrative claim-

ants. *See* Bankr.R. 2002(a); *see also* Local R. 4:0.4. As Bank One points out, Williams is not a creditor. The definitions section of the Bankruptcy Code provides:

"creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim.

11 U.S.C. § 101(10). Williams does not fit within any of the definitions of creditor provided in this section.

Williams does, however, qualify as an administrative claimant under 11 U.S.C. § 503(b).

After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

11 U.S.C. § 503(b)(1)(A).

Courts within this circuit have addressed the definition of an administrative claim.

In determining what constitutes an administrative expense, the Sixth Circuit recognized the following elements:

[A] claimant must prove that the debt (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate.

*Matter of Great Northern Forest Products, Inc.*, 135 B.R. 46, 59 (Bankr.W.D.Mich.1991) (quoting *In re White Motor Corp.*, 831 F.2d 106, 110 (6th Cir.1987) (alteration in original)).

Although Williams asserts that due process requires that he be notified of proceedings which could bar him from pressing his claim for payment, this argument must fail.

The proceedings for which Williams did not have notice did not preclude him from recovering his fees in the case; rather, the fact that the debtor had no funds remaining after the conversion with which to pay Williams precluded his recovery. It is possible that if Williams had filed his fee application before the conversion the debtor might have been able to pay his fees. It is not, however, the fault of the Bankruptcy Court or Bank One that Williams delayed filing his fee application until five months after his last work for the debtor.

Williams contends that 11 U.S.C. § 506(c) should be interpreted to allow him to recover his fees from Bank One, the secured creditor. Section 506(c) provides:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

Although Williams makes several arguments relating to whether his activities constituted a "reasonable, necessary cost" of "preserving" the property for the benefit of Bank One, the decisive issue in this case arises before those matters can be considered. Specifically, Williams' standing is in question. Section 506(c) provides that "[t]he trustee may recover" the cost of preserving the property for the benefit of the claim holder, and Williams clearly is not the trustee. This section therefore does not apply to Williams and his claim.

Some courts have extended § 506(c) to include suits by administrative claimants; this Court believes the better view is to interpret the statute according to its express language, which denies recovery to anyone other than the trustee.

The Bankruptcy Court for the Western District of Michigan exhaustively addressed the proper application of 11 U.S.C. § 506(c) in *Matter of Great Northern Forest Products, Inc.,* 135 B.R. 46 (Bankr.W.D.Mich. 1991).

> This court concurs with other courts which have found that the express language of § 506(c) is clear and unambiguous. Section 506(c) simply and clearly states that the *trustee* is able to surcharge a secured creditor's collateral. There is no reference in the statute to "affected entity", "aggrieved person", or other parties. It is not the court's role to add language to § 506(c). If Congress believes it is proper that other parties should have standing to surcharge the collateral of secured creditors, it can amend § 506(c). This court declines to infringe upon Congress' role as maker of laws and judicially add language to the statutory subsection.

*Id.* at 65 (citation and footnote omitted). The *Great Northern* court acknowledged that § 1107(a) provides debtors in possession standing to surcharge a secured creditor's collateral, but concluded that under § 506(c), only the trustee can seek payment from the secured creditor. *Id.* at 62 n. 22.

The Bankruptcy Court for the Northern District of Iowa expressed the dilemma faced by courts construing § 506(c) this way:

> More than one court favoring such claimants' obtaining a recovery from the secured creditor, has decried the fact that such claimants would be without remedy if § 506(c) is read too strictly. It is not that they are without remedy because their remedy lies under § 503(b)(1) and the distribution provided under § 726. Their problem is that there is no money in the estate. While that may be unfortunate, it does not warrant reading words into § 506 which are not there.

*In re Ramaker,* 117 B.R. 959, 967 (Bankr. N.D.Iowa 1990). The rules of statutory construction do not allow this Court to disregard the express language of the section. "Section 506(c) is an exception to the general rule that administrative expenses are to be paid from the estate and not out of the collateral of secured creditors. Therefore, this provision must be strictly construed and given a limited application." *In re J.R. Research, Inc.,* 65 B.R. 747, 749 (Bankr.D.Utah 1986) (citations omitted).

The courts that have applied § 506(c) to allow entities other than the trustee to seek payment from the secured creditor have not offered persuasive logic for their departure from the plain language of the statute. The

primary bases for the departure appear to be first, that equity demands it, and second, that other courts have done it. *See In re McKeesport Steel Castings Co.*, 799 F.2d 91, 93–94 (3rd Cir.1986) ("A number of courts have held that parties other than the trustee have standing to recover under provisions stipulating that only the trustee may act. . . . The rule that individual creditors cannot act in lieu of the trustee is often breached when sufficient reason exists to permit the breach."); *In re Birdsboro Casting Corp.*, 69 B.R. 955, 958 (Bankr.E.D.Pa.1987) (where trustee had no reason to seek recovery, debtor's counsel could press § 506(c) claim to recover his expenses and fees, based on holding in *McKeesport Steel Castings* ); *In re Croton River Club, Inc.*, 162 B.R. 656, 663–64 (Bankr.S.D.N.Y.1993) ("After reviewing the relevant caselaw, this Court finds the logic of the cases applying an expansive construction to the standing issue of § 506(c) to be more persuasive than those applying a restrictive reading."); *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 390 (E.D.Pa.1991) ("[Administrative] claimants do have standing where, as here, they have asked the debtor in possession to proceed with a claim but the debtor in possession has not done so."). This logic essentially allows the court to refuse to enforce the law as written whenever, in the court's judgment, "sufficient reason" excuses that refusal.

Different courts within the Sixth Circuit have reached conflicting decisions on this issue. Some Bankruptcy Courts have decided to allow standing to non-trustees under § 506(c). *See, e.g., In re Opti–Gage, Inc.*, 124 B.R. 515, 518 (Bankr.S.D.Ohio 1991) (decision to allow standing to lessors based on fact that Rhode Island Bankruptcy Court had allowed such standing: "The *International Club* case, 105 B.R. 190 [ (Bankr.D.R.I.1989) ], recognizes the right of lessors' standing to bring a direct claim against a secured creditor for the costs of preserving the collateral pursuant to § 506(c).").

Other courts within this circuit, including at least one district court, have decided that the plain language of § 506(c) limits recovery to the trustee. *See, e.g., Matter of S & S*

*Industries, Inc.*, 30 B.R. 395, 397 (Bankr. E.D.Mich.1983) ("Section 506(c) enables a trustee to recover from a secured creditor the reasonable necessary costs and expenses 'of preserving, or disposing of,' encumbered property 'to the extent of any benefit to' such creditor. § 506(c). It does not confer this right upon a creditors' committee." (footnote and citation omitted)); *In re Kessler, Inc.*, 142 B.R. 796, 799 (W.D.Mich.1992) ("[T]he express language of § 506(c) is clear and unambiguous and does not support direct payment to the Firm of 506(c) expenses."); *In re Interstate Motor Freight System IMFS, Inc.*, 71 B.R. 741, 746 (Bankr. W.D.Mich.1987) ("[A]n action under § 506(c) is vested solely in the trustee or a debtor in possession.").

Williams directs this Court's attention to, and this Court has found, only one case from the Northern District of Ohio considering the application of § 506(c). That case is *In re T.P. Long Chemical, Inc.*, 45 B.R. 278 (Bankr.N.D.Ohio 1985), which is factually distinguishable from the case at hand. In *Long*, the debtor in possession experienced a chemical leak on the debtor's property which the Environmental Protection Agency (EPA) cleaned up after the trustee refused. The EPA sought payment from the trustee, and when the trustee refused to pay for the clean-up, the EPA sought payment from the secured creditor under § 506(c). The court explained:

> The E.P.A. argues that it stands in the shoes of the trustee since it performed a duty imposed upon the trustee to remove the hazardous wastes. The court agrees with the E.P.A. Since the E.P.A. discharged a duty of the trustee, it may seek recovery from the funds claimed by Banc-Ohio to the same extent as the trustee.

*Id.* at 287. Here, Williams cannot argue that he seeks payment of his fees because he "performed a duty imposed upon the trustee." *See id.* Clearly, he seeks payment for services he performed in his own capacity, and as such, he cannot recover that payment from the secured creditor.

The Sixth Circuit has not ruled on this issue. While this Court can be guided by the decisions of the bankruptcy courts and the

other district courts within the circuit, this Court is bound by none of those decisions.

Courts that allow persons other than the trustee to recover under § 506(c) do not honor the purpose of § 506(c) as written.

The only proper party in interest to pursue this [§ 506(c) ] claim is the fiduciary of the estate. It is *the estate* which is to be reimbursed for the expenditure of its assets in the preservation of a secured claimant's collateral. The duly appointed and authorized trustee, as custodian of the estate property, is the only party with standing to assert a § 506(c) claim.

*J.R. Research,* 65 B.R. at 750. As noted by the Bankruptcy Court for the Western District of Michigan, "If a party other than the trustee or debtor in possession shall have independent standing to surcharge pursuant to § 506(c), it must be by edict of Congress." *Matter of Great Northern Forest Products, Inc.,* 135 B.R. 46, 69 (Bankr.W.D.Mich.1991).

The decision to disregard the language of § 506 and allow recovery whenever the court decides the equities of the situation so require is inadvisable, and this Court will not follow that path. Williams is not entitled to recovery from Bank One under the clear language of 11 U.S.C. § 506(c), and the Bankruptcy Court's decision on this issue therefore is affirmed.

### IV.

The Bankruptcy Court's decision to allow Williams' claim as an administrative claim under Chapter 11 is affirmed. The Bankruptcy Court's decision that Williams cannot press his claim against the secured creditor, Bank One, is also affirmed. Both appeals therefore are denied.

IT IS SO ORDERED.