### In the Matter of OAKLAND CARE CENTER, INC., a Michigan corporation, Debtor.

**No. 89–08701–S.**

**Appeal No. 91–73884.**

United States District Court, E.D. Michigan, S.D.

May 14, 1992.

Daniel F. Gosch, Detroit, Mich., for Beverly Enterprises–Michigan, Inc.

H. William Freeman, Bloomfield Hills, Mich., for Unlimited Resource Personnel, Inc.

## MEMORANDUM OPINION AND ORDER REVERSING AN ORDER OF THE BANKRUPTCY COURT

EDMUNDS, District Judge.

Beverly Enterprises–Michigan, Inc. ("Beverly Enterprises") appeals from an order of the Bankruptcy Court permitting Unlimited Resource Personnel, Inc. f/k/a U.S. Personnel, Inc. ("U.S. Personnel") and/or Resource Funding Group ("R.F.G.") to surcharge collateral held by Beverly Enterprises pursuant to 11 U.S.C. section 506(c). Section 506(c) of the Bankruptcy Code provides that a trustee or a debtor in possession may surcharge against a secured party's collateral to compensate for expenses incurred for disposal or preservation of that collateral.

This Court rejects the expansive interpretation of this statute urged by unsecured creditors, U.S. Personnel and R.F.G. Section 506(c) of the Bankruptcy Code does not provide an administrative expense claimant, such as U.S. Personnel or R.F.G., with the right to assert a surcharge. Thus, this Court reverses the order of the Bankruptcy Court permitting U.S. Personnel and R.F.G. to surcharge the collateral.

## I.  FACTS

The facts in this case are not in dispute. The Debtor, Oakland Care Center, Inc., provided nursing home services to the public. In November of 1989, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and proceeded to operate its business as a debtor in possession. At all times relevant to this case, Beverly Enterprises was a secured creditor of the Debtor with a security interest in substantially all of the Debtor's assets.

In June of 1990, the Debtor contracted with U.S. Personnel. U.S. Personnel provided temporary employees to the Debtor for the operation of the Oakland Care Center. U.S. Personnel contracted with R.F.G. for payroll management services. Under this arrangement, R.F.G. paid the payroll and payroll taxes for the temporary employees that U.S. Personnel provided to the Debtor. R.F.G. then invoiced the Debtor for reimbursement of the payroll amounts and for payment for the services of U.S. Personnel and R.F.G.

These invoices remained outstanding for more than sixty days, during which time U.S. Personnel and R.F.G. repeatedly contacted the Debtor and requested payment. In September of 1990, R.F.G. was informed for the first time that the Debtor was in Chapter 11 and that there was no money available to pay the outstanding invoices. On September 28, 1990, U.S. Personnel removed all of the temporary employees from the Debtor's business.

The Debtor never paid for the services provided to it. The total amount due and owing for wages, payroll taxes, and fees to U.S. Personnel and R.F.G. is $70,868.32. U.S. Personnel and R.F.G. claim that the provision of employees to the Debtor preserved the Debtor as a going concern, and thus, created a benefit to Beverly Enterprises as a secured party of the Debtor.

Pursuant to an order dated January 9, 1991, the Bankruptcy Court permitted U.S. Personnel and R.F.G. to submit an administrative claim under sections 503(a) and

503(b)(1)(A) of the Bankruptcy Code. U.S. Personnel and R.F.G. submitted this administrative claim to the Debtor for payment. However, the Debtor refused to pay the claim and refused to pursue a surcharge against the secured creditors of Debtor on behalf of U.S. Personnel and R.F.G. As a result, U.S. Personnel and R.F.G. petitioned the Bankruptcy Court to surcharge the secured parties under section 506(c) of the Bankruptcy Code. The Bankruptcy Court ruled that U.S. Personnel and R.F.G. had standing to seek a surcharge against Beverly Enterprises under this section of the Code, and thus the Bankruptcy Court granted U.S. Personnel and R.F.G.'s motion for surcharge against the secured parties. Beverly Enterprises appeals from this order.

## II. STANDARD OF REVIEW

Because there is no dispute as to the relevant facts, and the issue presented is purely a legal question, the standard of review is the standard governing review of a bankruptcy court's conclusion of law. A bankruptcy court's legal conclusion is subject to *de novo* review by this Court. *In re Lucas*, 924 F.2d 597, 599–600 (6th Cir.1991) (citing *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 526, 81 S.Ct. 294, 297, 5 L.Ed.2d 268 (1961)), *cert. denied*, —— U.S. ——, 111 S.Ct. 2275, 114 L.Ed.2d 726.

## III. STANDING TO SEEK A SURCHARGE

### A. *The Plain Meaning of the Statute*

Section 506(c) of the Bankruptcy Code provides as follows:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

11 U.S.C. § 506(c). A debtor in possession has the same rights and powers as a trustee. 11 U.S.C. § 1107(a). Thus, the plain language of the statute provides that only the trustee and the debtor in possession are empowered to seek a surcharge against a secured creditor's collateral.

To determine if U.S. Personnel and R.F.G. have standing to surcharge Beverly Enterprises' collateral pursuant to section 506(c), the inquiry must focus upon statutory interpretation. Where a statute is coherent and consistent, there is no need to inquire beyond the plain language of the statute. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Where statutory language is clear, the sole function of a court is to enforce it according to its terms. *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). To interpret a statute beyond its plain meaning would be to usurp the authority of the legislature and exceed the power of the judiciary. A judge must not rewrite a statute, either to enlarge it or to contract it. *In the matter of Great Northern Forest Products*, 135 B.R. 46, 65 (Bankr. W.D.Mich.1991) (quoting Justice Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum.L.Rev. 527, 533–34 (1947)).

The language of section 506(c) of the Bankruptcy Code is clear and unambiguous. *Great Northern Forest Products*, 135 B.R. at 64; *In re Interstate Motor Freight Systems, IMFS, Inc.*, 86 B.R. 500 (Bankr.W.D.Mich.1988) (hereinafter "*Interstate II*"); *Interstate I*, 71 B.R. 741. Section 506(c) plainly states that a trustee may surcharge a secured creditor's collateral. Section 1107(a) plainly states that a debtor in possession has the same rights as a trustee. The plain language of section 506(c) does not provide any other party a right to assert a surcharge.[1]

---

1. The legislative history of section 506(c) reaffirms that the intention of Congress was to give only trustees and debtors in possession the right to surcharge.

   Any time the trustee or debtor in possession expends money to provide for the reasonable and necessary costs and expenses of preserving or disposing of a secured creditor's collateral, the trustee or debtor in possession is entitled to recover such expenses from the secured party or from the property securing an allowed secured claim held by such party. *In re Interstate Motor Freight System IMFS, Inc.*, 71 B.R. 741, 742 (Bankr.W.D.Mich.1987) [hereinafter *Interstate I*] (citing 124 Cong.Rec. H32,398 (daily ed. Sept. 28, 1978) (statement of Rep. Don Edwards)).

### B. *The Policy Behind the Bankruptcy Code*

This interpretation of section 506(c) is consistent with the basic policy of bankruptcy law—equality of distribution among similarly situated creditors. When a trustee or debtor in possession recovers a claim under section 506(c), the recovery becomes property of the estate under section 541(a)(7). Section 541(a)(7) of the Code provides that the property of the estate includes, "Any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). Pursuant to section 726 of the Code, when a bankrupt estate is liquidated, the property of the estate must be distributed on a pro rata basis to all creditors. The fundamental policy that similarly situated creditors share pro rata is also reflected in section 1123(a)(4) of the Bankruptcy Code. This section provides for parity among creditors in the same class in a bankruptcy reorganization. 11 U.S.C. § 1123(a)(4).

Permitting a third party to assert a surcharge under section 506(c) violates the policy of equality among creditors that is enunciated in the Bankruptcy Code. If an administrative claimant is permitted to surcharge a secured creditor, the claimant will receive a full reimbursement of its claim. The recovery would not be received by the trustee or debtor in possession and thus would not be subject to pro rata distribution. Other administrative claimants may receive nothing or may share pro rata. *Interstate II*, 86 B.R. at 503–04.

> In effect, if successful in surcharging, the administrative creditor's status would be elevated from general administrative claimant to a super priority administrative or a secured claimant. The unfair effect of this result is especially evident in a case where the estate has funds for claimants other than secured creditors. Allowing a third party to surcharge would enable it ·to fully recover its claim, while the rest of its class receives little or nothing.

*Great Northern Forest Products*, 135 B.R. at 66.

While it may seem unfair to the third party claimant not to permit him to surcharge against a secured creditor who received a benefit of the services provided by the claimant, it is not up to this Court to restructure the Bankruptcy Code priorities or to rewrite legislation. Further, it is not as though an unpaid administrative claimant is without a remedy. Under section 503(b)(1) of the Code, one who has provided a benefit to an estate has an administrative claim against the estate. Section 503(b)(1) provides:

> After notice and a hearing, there shall be allowed administrative expenses other than claims allowed under § 502(f) of this Title, including—the actual, necessary costs and expenses of preserving the estate including wages, salaries, or commissions for services rendered after the commencement of the case....

In addition, under section 503(a) of the Code, an entity may file a request for payment of an administrative expense at any time. The language of the Bankruptcy Code does not indicate that Congress intended to provide an administrative claimant with an additional remedy of the right to surcharge.

### C. *Division Among the Courts*

Despite the plain meaning of the statute, courts are split on whether a strict interpretation of section 506(c) is required. Many courts have relied on the plain meaning of the Code and have held that trustees or debtors in possession are the only parties with standing to assert a surcharge under this section of the Code. *See, e.g., Great Northern Forest Products*, 135 B.R. at 62 (representing this proposition and citing numerous cases in support and to the contrary). A number of other courts have interpreted the Code broadly and have held that an entity other than a trustee or debtor in possession has standing to surcharge under section 506(c) of the Code. *See, e.g., In re Palomar Truck Corp.*, 951 F.2d 229, 231 n. 4 (9th Cir.1991) (representing this proposition and citing numerous cases in support and to the contrary). For a recitation of cases on both sides of this issue see 3 L. King, *Collier on Bankruptcy*, paragraph 506.06, at 506–57 n. 7a (15th Ed. 1991).

In general, courts that have ignored the plain meaning of section 506(c) and that have thereby allowed an entity other than a trustee or debtor in possession to assert a surcharge purportedly have done so in order to avoid an inequitable result. These courts note that a trustee or debtor in possession may have no incentive to seek a surcharge against a secured creditor on behalf of an administrative claimant; they reason that if secured parties are not surcharged for the benefit provided to their collateral, those secured parties receive a windfall because they have not incurred a cost for that benefit. Surcharging the collateral imposes such a cost. *See e.g., In re McKeesport Steel Castings Co.,* 799 F.2d 91 (3rd Cir.1986).

In *McKeesport,* the Third Circuit interpreted section 506(c) to provide standing to a third party to assert a surcharge against a creditor. In that case, a provider of post-petition gas services attempted to terminate service when the debtor in possession failed to pay for the services. The Bankruptcy Court approved a payment timetable and ordered the utility to continue providing services until the debtor could be sold as a going concern. Despite the court ordered payment plan, the debtor in possession never paid the utility. The court held that the utility claimant had standing to pursue a surcharge under section 506(c).

> The rule that individual creditors cannot act in lieu of the trustee is often breached when sufficient reason exists to permit the breach. In this case, neither the debtor-in-possession nor a creditor's committee had reason to make a claim on behalf of Equitable [the utility company] when the debtor thereby would be required to pay for utilities it had received without charge following the date that its petition was filed.

799 F.2d at 94. *Accord In re Staunton Industries, Inc.,* 74 B.R. 501 (Bankr. E.D.Mich.1987).

Beverly Enterprises points out that *McKeesport, Staunton,* and similar cases are distinguishable from this case. In *McKeesport* and *Staunton,* the claimant's post-petition services had been approved by court order. Thus, it could be argued that prior court approval provided the claimants in those cases with a basis on which to justifiably rely on the fact of post-petition payment.

However, some courts have permitted third party standing pursuant to section 506(c) even where there has been no prior court approval of the services provided to the debtor by the third party. *See e.g., In re Palomar Truck Corp.,* 951 F.2d 229 (9th Cir.1991). In *Palomar,* the court permitted a third party claimant standing to assert a surcharge against the secured parties. The court noted that while prior court approval might make a claim for administrative expenses more compelling, it is not required in the Code.

> Both the prior relationship between the debtor and the claimant and the motivation of the claimant seem irrelevant. Presumably all persons who provide services to Chapter 11 debtors do so for profit. The Code does not require that the claimant have the best interest of the secured creditors in mind, but only that the expenditures be "reasonable, necessary costs and expenses of preserving or disposing of such [secured] property."

951 F.2d at 231.[2]

Some courts interpret section 506(c) to permit third party standing only upon a showing that the third party claimant previously requested the debtor in possession or trustee to assert a surcharge against the secured creditors and the trustee or debtor in possession refused to do so. *In re Palomar,* 951 F.2d at 231, n. 5. In the case at hand, U.S. Personnel and R.F.G. requested that the Debtor surcharge the collateral on their behalf. Thus, U.S. Personnel and R.F.G. claim that they should be permitted standing under section 506(c).

This Court agrees with the *Palomar* court that it is irrelevant whether or not the Bankruptcy Court was involved in or

**2.** The *Palomar* court also argues that the policy of parity among creditors under the Bankruptcy Code is not applicable in a Chapter 11 case. 951 F.2d at 231. This is incorrect because under a Chapter 11 reorganization, parity among creditors who are in the same class is dictated by § 1123 of the Code. 11 U.S.C. § 1123(a)(4).

approved the third party's administrative expense prior to such expense being incurred. However, contrary to *Palomar, McKeesport,* and similar cases, this Court declines to expand the Bankruptcy Code beyond its plain meaning. Thus, it is also irrelevant that U.S. Personnel and R.F.G. requested that the Debtor surcharge the collateral prior to themselves requesting a surcharge. Under section 506(c) of the Bankruptcy Code, only a trustee or debtor in possession may assert a surcharge.

## IV. CONCLUSION

In sum, the Court holds that the Bankruptcy Court's interpretation of section 506(c) of the Bankruptcy Code was erroneous as a matter of law. Section 506(c) provides that only a trustee or a debtor in possession have standing to surcharge a secured creditor's collateral. Administrative claimants such as U.S. Personnel and R.F.G. do not have standing to assert a claim under section 506(c). The plain language of the Bankruptcy Code mandates this result. Thus, the order of the Bankruptcy Court permitting U.S. Personnel and R.F.G. to assert a surcharge against Beverly Enterprises is hereby REVERSED.